**FILED**

SEP 3 0 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HASHIMA AGAPITO, a minor )
by parent and next friend )
Bridget Agapito )
1536 Massachusetts Avenue, SE )
Washington, D.C. 20003 )
)
and )
)
DESTINY BARNES, a minor ) Civil Action No.:
by parent and next friend )
Alethea Barnes )
1147 First Terrace, NW )
Washington, D.C. 20001 )
)
and )
) CASE NUMBER  1:05CV01935
RACHON BETHEA, a minor )
by parent and next friend ) JUDGE: Rosemary M. Collyer
Lakisha Bethea )
46 Forrester Street, SW, #2 ) DECK TYPE: Administrative Agency Review
Washington, D.C. 20032 )
) DATE STAMP: 09/30/2005
and )
)
JESSICA BRADSHAW, a minor )
by parent and next friend )
Annie Bradshaw )
3225 23rd Street, SE, #14 )
Washington, D.C. 20020 )
)
and )
)
KEVIN BRENT, a minor )
by parent and next friend )
Kierstin Brent )
525 50th Place, NE, #301 )
Washington, D.C. 20019 )
)
and )

1

BERNARD BROOKS, a minor )
by parent and next friend )
Lavette Rawlings )
4820 Fort Totten Drive, NE, #104 )
Washington, D.C. 20011 )
)
and )
)
SHAYAL BROWN, a minor )
by parent and next friend )
Elaine Brown )
3341 D Street, SE )
Washington, D.C. 20019 )
)
and )
)
DONALD BUNCH, a minor )
by parent and next friend )
Maude Young )
3904 Ames Street, NE )
Washington, D.C. 20019 )
)
and )
)
JERRY CARROLL, a minor )
by parent and next friend )
Bonnie Carroll )
629 Nicholson Street, NE )
Washington, D.C. 20011 )
)
and )
)
JOSHUA CARTER, a minor )
by parent and next friend )
Carey Carter )
400 Chesapeake Street, SE, #202 )
Washington, D.C. 20032 )
)
and )

2

RYAN COOPER, a minor                    )
by parent and next friend               )
Edwina Cooper                           )
4439 E Street, SE, #1                    )
Washington, D.C. 20019                   )
                                         )
and                                      )
                                         )
SHAQUILLE DOWNING, a minor              )
by parent and next friend               )
Dianne Williams                          )
2900 14th Street, NW, #415              )
Washington, D.C. 20009                   )
                                         )
and                                      )
                                         )
BRIANNA DYSON, a minor                  )
by parent and next friend               )
Diane Dyson                              )
1081 28th Place, SE                     )
Washington, D.C. 20019                   )
                                         )
and                                      )
                                         )
OMAR EUELL, a minor                     )
by parents and next friends             )
David and Bridgett Connor               )
700 12th Street, SE, #406               )
Washington, D.C. 20003                   )
                                         )
and                                      )
                                         )
NORVILLE FENWICK, a minor               )
by parent and next friend               )
Quneitra Fenwick                         )
5186 Eastern Avenue, NE, #204           )
Washington, D.C. 20011                   )
                                         )
and                                      )

NYRIEN FENWICK, a minor                )
by parent and next friend              )
Quneitra Fenwick                       )
5186 Eastern Avenue, NE, #204          )
Washington, D.C.  20011                )
                                       )
and                                    )
                                       )
ALEXIS FORREST, a minor                )
by parent and next friend              )
Kelly Forrest                          )
5119 Fitch Street, SE, #101            )
Washington, D.C.  20019                )
                                       )
and                                    )
                                       )
NICHELLE FOWLER, a minor               )
by parent and next friend              )
Nicole Fowler                          )
514 Oakwood Street, SE                 )
Washington, D.C.  20032                )
                                       )
and                                    )
                                       )
TONIQUE FOWLER, a minor                )
by parent and next friend              )
Nicole Fowler                          )
514 Oakwood Street, SE                 )
Washington, D.C.  20032                )
                                       )
and                                    )
                                       )
RAYVON GAINES, a minor                 )
by parent and next friend              )
Michelle Gaines                        )
203 N Street, SW, #508                 )
Washington, D.C.  20024                )
                                       )
and                                    )

4

DEJUAN GREEN, a minor )
by parent and next friend )
LaDesha Green Morton )
2108 H Street, NE )
Washington, D.C.  20002 )
)
and )
)
LAWRENCE HAYES, a minor )
by parent and next friend )
Kortni Hayes )
2722 Stanton Road, SE )
Washington, D.C.  20020 )
)
and )
)
LAWRENCE HAYES, a minor )
by parent and next friend )
Kortni Hayes )
2722 Stanton Road, SE )
Washington, D.C.  20020 )
)
and )
)
ADRIAN HILL, a minor )
by parents and next friends )
Joycelynn Bush and Charlie Hill )
1116 Orren Street, NE )
Washington, D.C.  20002 )
)
and )
)
JAMAL HOUCK, a minor )
by parent and next friend )
Margaret Hines Morgan )
7 U Street, NW )
Washington, D.C.  20001 )
)
and )

JALEN JACKSON, a minor )
by parent and next friend )
Deborah Campbell )
3909 Pennsylvania Avenue, SE, #201 )
Washington, D.C. 20020 )
 )
and )
 )
TERRELL JACKSON, a minor )
by parents and next friends )
Gregory Mickey and Denise Jackson )
1655 W Street, SE, #B2 )
Washington, D.C. 20020 )
 )
and )
 )
ANTONIO LOWREY, a minor )
by parent and next friend )
Antoinette Keys )
5810 Blair Road, NW, #301 )
Washington, D.C. 20011 )
 )
and )
 )
DAMONTE MACK, a minor )
by parent and next friend )
Stacey Harvey )
2520 10th Street, NE, #27 )
Washington, D.C. 20018 )
 )
and )
 )
STEFAN MASON, a minor )
by parent and next friend )
Janice Mason )
230 Malcolm X Avenue, SE )
Washington, D.C. 20032 )
 )
and )

6

MALCOLM MOORE, a minor              )
by parent and next friend           )
Karen Smith                         )
933 Jefferson Street, NE            )
Washington, D.C.  20011             )
                                    )
and                                 )
                                    )
RAYNARD OLIVER, a minor             )
by parent and next friend           )
Annie White                         )
1728 C Street, NE                   )
Washington, D.C.  20002             )
                                    )
and                                 )
                                    )
MARCELL PARKER, a minor             )
by parent and next friend           )
Juanchetta Parker                   )
1014 16th Street, NE, #4            )
Washington, D.C.  20002             )
                                    )
and                                 )
                                    )
RANDEE PARKER, a minor              )
by parent and next friend           )
Jessie Dunne                        )
1623 Fort Dupont Street, SE         )
Washington, D.C.  20020             )
                                    )
and                                 )
                                    )
ANTONIO PRINCE, a minor             )
by parent and next friend           )
Nicole Fowler                       )
514 Oakwood Street, SE              )
Washington, D.C.  20032             )
                                    )
and                                 )

7

COURTNEY ROBINSON, a minor )
by parent and next friend )
Michelle Robinson )
909 4th Street, NE )
Washington, D.C.  20002 )
)
and )
)
GREGORY ROBINSON, a minor )
by parent and next friend )
Sheldena Robinson )
3675 Jay Street, NE, #102 )
Washington, D.C.  20019 )
)
and )
)
JOSHUA SANDS, a minor )
by parent and next friend )
Walletta Sands )
1222 Stevens Road, SE )
Washington, D.C.  20020 )
)
and )
)
TYLER SKRINE, a minor )
by parent and next friend )
Johanna Skrine )
7701 Georgia Avenue, NW, #601 )
Washington, D.C.  20012 )
)
and )
)
WILLIE SMITH, a minor )
by parent and next friend )
Angelia Smith )
3432 13th Street, SE, #3 )
Washington, D.C.  20032 )
)
and )

8

EMMANUEL SOUTHERLAND, a minor  )
by parent and next friend  )
Renee Southerland  )
P.O. Box 48082  )
Washington, D.C.  20002  )
  )
and  )
  )
TRAVIS TALBERT, JR., a minor  )
by parent and next friend  )
Rosalind Edmonds  )
1703 Second Street, NW  )
Washington, D.C.  20001  )
  )
and  )
  )
AMELIA TALLEY, a minor  )
by parent and next friend  )
Diane Talley  )
2340 15th Street, NE  )
Washington, D.C.  20018  )
  )
and  )
  )
GREGORY VANCE  , a minor  )
by parent and next friend  )
Valerie Vance  )
2804 14th Street, NW, #102  )
Washington, D.C.  20009  )
  )
and  )
  )
DAQUAN WADE, a minor  )
by parent and next friend  )
Carmelita Wade  )
90 N Street, SW  )
Washington, D.C.  20024  )
  )
and  )

LASHONDA WATTS, a minor        )
by parent and next friend      )
LaShone Watts                  )
2644 Birney Place, SE, #301    )
Washington, D.C. 20020         )
                               )
and                            )
                               )
KEVIN WEAVER, a minor          )
by parent and next friend      )
Antoinette Weaver              )
2420 Fourth Street, NE         )
Washington, D.C. 20002         )
                               )
and                            )
                               )
ARMANI WILLIAMS, a minor       )
by parent and next friend      )
Randolph Narcisco              )
54 V Street, NW                )
Washington, D.C. 20001         )
                               )
and                            )
                               )
DASHAWN WILLIAMS, a minor      )
by parent and next friend      )
LeChelle Williams              )
3426 East Capitol Street, NE   )
Washington, D.C. 20019         )
                               )
and                            )
                               )
LAPIERRE WILSON, a minor       )
by parent and next friend      )
Delores Wilson                 )
3439 Stanton Road, SE          )
Washington, D.C. 20020         )
                               )
and                            )

10

STEVEN WINGFIELD, a minor                )
by parent and next friend                )
Annie Wingfield                          )
79 L Street, NW, #104                    )
Washington, D.C.  20001                  )
                                         )
and                                      )
                                         )
JAMES WRIGHT, a minor                    )
by parent and next friend                )
Karen Wright                             )
1330 Staples Street, NE                  )
Washington, D.C.  20002                  )
                                         )
and                                      )
                                         )
KEVIN YATES, a minor                     )
by parent and next friend                )
Jacqueline Yates                         )
1824 Alabama Avenue, SE                  )
Washington, D.C.  20020                  )
                                         )
and                                      )
                                         )
DEANDRE YOUNG, a minor                   )
by parent and next friend                )
Kimberly Young                           )
330 37th Street, SE, #T-4                )
Washington, D.C.  20019                  )
                                         )
                    Plaintiffs,          )
                                         )
        v.                               )
                                         )
THE DISTRICT OF COLUMBIA                  )
A Municipal Corporation                  )
One Judiciary Square                     )
441 Fourth Street, N.W.                  )
Washington, D.C.  20001                  )
                                         )
serve:                                   )

11

ANTHONY L. WILLIAMS, Mayor )
District of Columbia )
1350 Pennsylvania Avenue, NW, 5th Floor )
Washington, D.C. 20004 )
)
serve: )
)
ROBERT SPAGNOLETTI )
Senior Corporation Counsel )
District of Columbia )
1350 Pennsylvania Avenue, NW, Suite 409 )
Washington, D.C. 20004 )
)
and )
)
CLIFFORD JANEY (officially) )
Superintendent, D.C. Public Schools )
825 North Capitol Street, N.E. )
Suite # 9026 )
Washington, D.C. 20002 )
)
               Defendants. )
)

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF

COME NOW, Plaintiffs, by and through their attorney, Tilman Gerald, Esquire,

James E. Brown & Associates, PLLC, and in their complaint for Declaratory, Injunctive

and Other Relief respectfully represents unto this Honorable Court as follows:

## PRELIMINARY STATEMENT

1.     This is an action for full reimbursement of attorneys' fees and costs

incurred by disabled children and their parents/guardians. Defendants have failed to carry

out their legal duty to fully reimburse those fees and costs and, without the Court's

intervention, Plaintiffs in all likelihood will not be able to obtain the full reimbursement

12

due them.

## JURISDICTION

2.    This Court has jurisdiction pursuant to:

  a.    42 U.S.C. 1983 *et seq.*, inasmuch as Section 1983 provides a civil

remedy for acts taken under color of law that subject "any citizen

of the United States or person within the jurisdiction thereof to the

deprivation of any rights, privileges, or immunities secured by the

Constitution and laws;

  b.    The Individuals with Disabilities Education Act, 20 U.S.C.

§§1400-1461 ("IDEA"); The Rehabilitation Act ("Section 504");

29 U.S.C. §794; 28 U.S.C. §§ 1441 and 1442; the *Mills* decree, and

pendent jurisdiction pursuant to D.C. Mun. Regs. Title 5 §§ 3000.1

- 3701.3 (2003);

  c.    Declaratory relief is authorized by 28 U.S.C. §§2201 and 2202.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4.    Plaintiffs are "learning disabled" children as defined by the IDEA and

Section 504 as well as their parents or guardians who, at all times relevant to this action,

were residents of the District of Columbia, and who prevailed in administrative hearings

held pursuant to the IDEA. The parents bring this action on behalf of the children and in

their own right, and the individual Plaintiffs are designated as follows:

  a.    At all times relevant hereto, Hashima Agapito was a student in the District

13

of Columbia Public Schools' ("DCPS") Special Education Program. On or about April 25, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $12,536.58 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $12,536.58 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 1.

b.    At all times relevant hereto, Destiny Barnes was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about April 26, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $7,257.57 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $7,257.57 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 2.

c.    At all times relevant hereto, Rachon Bethea was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about June 6, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that

term is defined by law. Plaintiff's attorney timely submitted an invoice for
reimbursement of attorneys' fees and costs in the amount of $9,059.79 in accordance with
the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law.
On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse
the parent for their attorneys' fees and costs. As a result, $9,059.79 is still due and owing
from the Defendants. Copies of the invoice and Hearing Officer's Determination
("HOD") are attached hereto as EXHIBIT 3.

  d.  At all times relevant hereto, Jessica Bradshaw was a student in the District
of Columbia Public Schools' ("DCPS") Special Education Program. On or about March
16, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as
that term is defined by law. Plaintiff's attorney timely submitted an invoice for
reimbursement of attorneys' fees and costs in the amount of $8,330.61 in accordance with
the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law.
On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse
the parent for their attorneys' fees and costs. As a result, $8,330.61 is still due and owing
from the Defendants. Copies of the invoice and Hearing Officer's Determination
("HOD") are attached hereto as EXHIBIT 4.

  e.  At all times relevant hereto, Kevin Brent was a student in the District of
Columbia Public Schools' ("DCPS") Special Education Program. On or about March 8,
2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that
term is defined by law. Plaintiff's attorney timely submitted an invoice for
reimbursement of attorneys' fees and costs in the amount of $11,796.09 in accordance

with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal

Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to

reimburse the parent for their attorneys' fees and costs. As a result, $11,796.09 is still

due and owing from the Defendants. Copies of the invoice and Hearing Officer's

Determination ("HOD") are attached hereto as EXHIBIT 5.

      f.     At all times relevant hereto, Bernard Brooks was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about March

23, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as

that term is defined by law. Plaintiff's attorney timely submitted an invoice for

reimbursement of attorneys' fees and costs in the amount of $12,632.21 in accordance

with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal

Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to

reimburse the parent for their attorneys' fees and costs. As a result, $12,632.21 is still

due and owing from the Defendants. Copies of the invoice and Hearing Officer's

Determination ("HOD") are attached hereto as EXHIBIT 6.

      g.    At all times relevant hereto, Shayal Brown was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about April

14, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as

that term is defined by law. Plaintiff's attorney timely submitted an invoice for

reimbursement of attorneys' fees and costs in the amount of $9,708.06 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law.

On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse

the parent for their attorneys' fees and costs. As a result, $9,708.06 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 7.

h.      At all times relevant hereto, Donald Bunch was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about April 11, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $29,792.41 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $29,792.41 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 8.

i.      At all times relevant hereto, Jerry Carroll was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about June 7, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $5,695.53 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $5,695.53 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination

17

("HOD") are attached hereto as EXHIBIT 9.

      j.     At all times relevant hereto, Joshua Carter was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program. On or about April 4,

2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that

term is defined by law. Plaintiff's attorney timely submitted an invoice for

reimbursement of attorneys' fees and costs in the amount of $5,362.44 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law.

On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse

the parent for their attorneys' fees and costs. As a result, $5,362.44 is still due and owing

from the Defendants. Copies of the invoice and Hearing Officer's Determination

("HOD") are attached hereto as EXHIBIT 10.

      k.     At all times relevant hereto, Ryan Cooper was a student in the District of

Columbia Public Schools' ("DCPS") Special Education Program. On or about May 17,

2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that

term is defined by law. Plaintiff's attorney timely submitted an invoice for

reimbursement of attorneys' fees and costs in the amount of $6,939.04 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law.

On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse

the parent for their attorneys' fees and costs. As a result, $6,939.04 is still due and owing

from the Defendants. Copies of the invoice and Hearing Officer's Determination

("HOD") are attached hereto as EXHIBIT 11.

      l.     At all times relevant hereto, Shaquille Downing was a student in the

District of Columbia Public Schools' ("DCPS") Special Education Program. On or about April 21, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $6,547.88 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $6,547.88 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 12.

m.    At all times relevant hereto, Brianna Dyson was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about April 15, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $6,893.18 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $6,893.18 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 13.

n.    At all times relevant hereto, Omar Euell was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about April 21, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that

term is defined by law. Plaintiff's attorney timely submitted an invoice for

reimbursement of attorneys' fees and costs in the amount of $13,830.81 in accordance

with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal

Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to

reimburse the parent for their attorneys' fees and costs. As a result, $13,830.81 is still

due and owing from the Defendants. Copies of the invoice and Hearing Officer's

Determination ("HOD") are attached hereto as EXHIBIT 14.

      o.     At all times relevant hereto, Norville Fenwick was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about May

19, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as

that term is defined by law. Plaintiff's attorney timely submitted an invoice for

reimbursement of attorneys' fees and costs in the amount of $5,187.45 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law.

On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse

the parent for their attorneys' fees and costs. As a result, $5,187.45 is still due and owing

from the Defendants. Copies of the invoice and Hearing Officer's Determination

("HOD") are attached hereto as EXHIBIT 15.

      p.     At all times relevant hereto, Nyrien Fenwick was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about March

21, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as

that term is defined by law. Plaintiff's attorney timely submitted an invoice for

reimbursement of attorneys' fees and costs in the amount of $4,631.17 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law.
On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse
the parent for their attorneys' fees and costs. As a result, $4,631.17 is still due and owing
from the Defendants. Copies of the invoice and Hearing Officer's Determination
("HOD") are attached hereto as EXHIBIT 16.

   q. At all times relevant hereto, Alexis Forrest was a student in the District of
Columbia Public Schools' ("DCPS") Special Education Program. On or about April 4,
2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that
term is defined by law. Plaintiff's attorney timely submitted an invoice for
reimbursement of attorneys' fees and costs in the amount of $6,250.77 in accordance with
the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law.
On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse
the parent for their attorneys' fees and costs. As a result, $6,250.77 is still due and owing
from the Defendants. Copies of the invoice and Hearing Officer's Determination
("HOD") are attached hereto as EXHIBIT 17.

   r. At all times relevant hereto, Nichelle Fowler was a student in the District
of Columbia Public Schools' ("DCPS") Special Education Program. On or about April
11, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as
that term is defined by law. Plaintiff's attorney timely submitted an invoice for
reimbursement of attorneys' fees and costs in the amount of $5,173.82 in accordance with
the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law.
On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse

21

the parent for their attorneys' fees and costs. As a result, $5,173.82 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 18.

      s.      At all times relevant hereto, Tonique Fowler was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about April 11, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $4,518.19 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $4,518.19 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 19.

      t.      At all times relevant hereto, Rayvon Gaines was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about April 5, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $13,154.81 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $13,154.81 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's

22

Determination ("HOD") are attached hereto as EXHIBIT 20.

     u.     At all times relevant hereto, DeJuan Green was a student in the District of
Columbia Public Schools' ("DCPS") Special Education Program. On or about March 25,
2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that
term is defined by law. Plaintiff's attorney timely submitted an invoice for
reimbursement of attorneys' fees and costs in the amount of $7,156.58 in accordance with
the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law.
On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse
the parent for their attorneys' fees and costs. As a result, $7,156.58 is still due and owing
from the Defendants. Copies of the invoice and Hearing Officer's Determination
("HOD") are attached hereto as EXHIBIT 21.

     v.     At all times relevant hereto, Lawrence Hayes was a student in the District
of Columbia Public Schools' ("DCPS") Special Education Program. On or about April
13, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as
that term is defined by law. Plaintiff's attorney timely submitted an invoice for
reimbursement of attorneys' fees and costs in the amount of $6,308.47 in accordance with
the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law.
On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse
the parent for their attorneys' fees and costs. As a result, $6,308.47 is still due and owing
from the Defendants. Copies of the invoice and Hearing Officer's Determination
("HOD") are attached hereto as EXHIBIT 22.

     w.     At all times relevant hereto, Lawrence Hayes was a student in the District

23

of Columbia Public Schools' ("DCPS") Special Education Program. On or about July 18, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $6,749.37 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $6,749.37 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 23.

x.    At all times relevant hereto, Adrian Hill was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about April 4, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $7,341.85 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $7,341.85 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 24.

y.    At all times relevant hereto, Jamal Houck was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about May 18, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as

24

that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $11,680.54 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $11,680.54 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 25.

z.     At all times relevant hereto, Jalen Jackson was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about April 18, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $4,389.83 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $4,389.83 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 26.

aa.     At all times relevant hereto, Terrell Jackson was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about May 3, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $5,897.76 in accordance with

25

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $5,897.76 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 27.

    bb.    At all times relevant hereto, Antonio Lowrey was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about May 10, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $7,505.86 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $7,505.86 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 28.

    cc.    At all times relevant hereto, Damonte Mack was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about March 18, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $11,779.63 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to

26

reimburse the parent for their attorneys' fees and costs. As a result, $11,779.63 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 29.

dd.    At all times relevant hereto, Stefan Mason was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about April 8, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $5,817.81 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $5,817.81 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 30.

ee.    At all times relevant hereto, Malcolm Moore was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about April 18, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $7,913.15 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $7,913.15 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination

27

("HOD") are attached hereto as EXHIBIT 31.

ff.     At all times relevant hereto, Raynard Oliver was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about May 5, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $5,137.63 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $5,137.63 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 32.

gg.     At all times relevant hereto, Marcell Parker was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about April 20, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $15,794.79 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $15,794.79 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 33.

hh.     At all times relevant hereto, Randee Parker was a student in the District

28

of Columbia Public Schools' ("DCPS") Special Education Program. On or about March 18, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $5,116.09 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $5,116.09 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 34.

      ii.     At all times relevant hereto, Antonio Prince was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about April 18, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $6,159.39 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $6,159.39 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 35.

      jj.     At all times relevant hereto, Courtney Robinson was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about May 12, 2005, Plaintiffs appeared before an Administrative Hearing Officer and

prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $7,605.84 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $7,605.84 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 36.

kk.    At all times relevant hereto, Gregory Robinson was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about March 21, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $9,650.24 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $9,650.24 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 37.

ll.    At all times relevant hereto, Joshua Sands was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about April 6, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $8,378.07 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $8,378.07 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 38.

     mm.    At all times relevant hereto, Tyler Skrine was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about March 22, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $16,078.73 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $16,078.73 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 39.

     nn.    At all times relevant hereto, Willie Smith was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about April 25, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $10,256.96 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to

reimburse the parent for their attorneys' fees and costs. As a result, $10,256.96 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 40.

oo.    At all times relevant hereto, Emmanuel Southerland was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about May 4, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $16,780.52 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $16,780.52 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 41.

pp.    At all times relevant hereto, Travis Talbert, Jr. was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about May 6, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $17,140.92 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $17,140.92 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's

32

Determination ("HOD") are attached hereto as EXHIBIT 42.

qq.     At all times relevant hereto, Amelia Talley was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about May 16, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $4,391.72 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $4,391.72 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 43.

rr.     At all times relevant hereto, Gregory Vance was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about March 14, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $5,406.65 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $5,406.65 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 44.

ss.     At all times relevant hereto, DaQuan Wade was a student in the District

33

of Columbia Public Schools' ("DCPS") Special Education Program. On or about April 13, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $6,415.58 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $6,415.58 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 45.

tt.    At all times relevant hereto, LaShonda Watts was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about March 22, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $5,138.99 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $5,138.99 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 46.

uu.    At all times relevant hereto, Kevin Weaver was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about March 25, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as

34

that term is defined by law. Plaintiff's attorney timely submitted an invoice for

reimbursement of attorneys' fees and costs in the amount of $5,754.11 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law.

On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse

the parent for their attorneys' fees and costs. As a result, $5,754.11 is still due and owing

from the Defendants. Copies of the invoice and Hearing Officer's Determination

("HOD") are attached hereto as EXHIBIT 47.

     vv.    At all times relevant hereto, Armani Williams was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about June 6,

2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that

term is defined by law. Plaintiff's attorney timely submitted an invoice for

reimbursement of attorneys' fees and costs in the amount of $4,167.64 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law.

On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse

the parent for their attorneys' fees and costs. As a result, $4,167.64 is still due and owing

from the Defendants. Copies of the invoice and Hearing Officer's Determination

("HOD") are attached hereto as EXHIBIT 48.

     ww.    At all times relevant hereto, DaShawn Williams was a student in the

District of Columbia Public Schools' ("DCPS") Special Education Program. On or about

April 15, 2005, Plaintiffs appeared before an Administrative Hearing Officer and

prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice

for reimbursement of attorneys' fees and costs in the amount of $19,048.60 in accordance

with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal

Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to

reimburse the parent for their attorneys' fees and costs. As a result, $19,048.60 is still

due and owing from the Defendants. Copies of the invoice and Hearing Officer's

Determination ("HOD") are attached hereto as EXHIBIT 49.

xx.     At all times relevant hereto, LaPierre Wilson was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about March

23, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as

that term is defined by law. Plaintiff's attorney timely submitted an invoice for

reimbursement of attorneys' fees and costs in the amount of $4,672.59 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law.

On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse

the parent for their attorneys' fees and costs. As a result, $4,672.59 is still due and owing

from the Defendants. Copies of the invoice and Hearing Officer's Determination

("HOD") are attached hereto as EXHIBIT 50.

yy.     At all times relevant hereto, Steven Wingfield was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about June 9,

2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that

term is defined by law. Plaintiff's attorney timely submitted an invoice for

reimbursement of attorneys' fees and costs in the amount of $4,446.07 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law.

On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse

36

the parent for their attorneys' fees and costs. As a result, $4,446.07 is still due and owing

from the Defendants. Copies of the invoice and Hearing Officer's Determination

("HOD") are attached hereto as EXHIBIT 51.

       zz.    At all times relevant hereto, James Wright was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about April

18, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as

that term is defined by law. Plaintiff's attorney timely submitted an invoice for

reimbursement of attorneys' fees and costs in the amount of $7,094.82 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law.

On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse

the parent for their attorneys' fees and costs. As a result, $7,094.82 is still due and owing

from the Defendants. Copies of the invoice and Hearing Officer's Determination

("HOD") are attached hereto as EXHIBIT 52.

       aaa.    At all times relevant hereto, Kevin Yates was a student in the District

of Columbia Public Schools' ("DCPS") Special Education Program. On or about April

11, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as

that term is defined by law. Plaintiff's attorney timely submitted an invoice for

reimbursement of attorneys' fees and costs in the amount of $4,684.96 in accordance with

the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law.

On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse

the parent for their attorneys' fees and costs. As a result, $4,684.96 is still due and owing

from the Defendants. Copies of the invoice and Hearing Officer's Determination

("HOD") are attached hereto as EXHIBIT 53.

bbb.    At all times relevant hereto, DeAndre Young was a student in the District of Columbia Public Schools' ("DCPS") Special Education Program. On or about March 17, 2005, Plaintiffs appeared before an Administrative Hearing Officer and prevailed as that term is defined by law. Plaintiff's attorney timely submitted an invoice for reimbursement of attorneys' fees and costs in the amount of $6,014.66 in accordance with the DCPS' requirements in Board of Education Rule 5 DMCR 3032.4 and Federal Law. On August 4, 2005, DCPS informed the parent's attorneys that they refused to reimburse the parent for their attorneys' fees and costs. As a result, $6,014.66 is still due and owing from the Defendants. Copies of the invoice and Hearing Officer's Determination ("HOD") are attached hereto as EXHIBIT 54.

5.    The District of Columbia is a municipal corporation that receives federal financial assistance and, therefore, is required to comply with the IDEA, Section 504 and this Court's decision in *Mills v. District of Columbia Bd. of Educ.*, 348 F. Supp. 866 (D.D.C. 1972).

6.    Clifford Janey is the Superintendent of the District of Columbia Public School System ("DCPS") and the Chief State Officer, and, as such, is responsible for ensuring that all disabled children in the District of Columbia receive a free appropriate public education ("FAPE") and that their rights to equal protection and due process of law are protected. Plaintiffs are suing Clifford Janey in his official capacity.

## FACTUAL ALLEGATIONS

7.    Between April 29, 2005 and July 29, 2005, Plaintiffs timely submitted their claims for reimbursement of reasonable attorneys' fees and costs to Defendants.

8.    That Defendants have failed to pay Plaintiffs' Attorney Fee Applications within the time prescribed by the applicable statutes/regulations.

9.    That Defendants refuse to make full reimbursement of Plaintiffs' reasonable attorneys' fees and costs.

10.    That Defendants knowingly, intentionally and in contravention of settled law substitute their own subjective standards for those articulated by this Court and the IDEA in denying full reimbursement to Plaintiffs as and for their attorneys' fees and costs.

11.    That by letter of August 4, 2005, the Defendants asserted that payment was denied "...due to the unauthorized practice of law by the attorneys involved. The District of Columbia Public Schools will not pay attorney fees for attorneys who are not licensed to practice law in the District of Columbia..." (See EXHIBIT 55).

12.    That the attorneys for which the Defendants are withholding payment, at all times pertinent hereto, have been and are authorized to practice before the Student Hearing Office at DCPS pursuant to the provisions of Rule 49(c)(5) or (c)(8), and have not otherwise ever engaged in the unauthorized practice of law.

13.    That during the period in question, the Defendants had not promulgated any rules with respect to whether only attorneys barred in the District of Columbia could practice before the Student Hearing Office.

39

14.     That the attorneys have practiced before the Student Hearing Office for well over five years without the unauthorized practice of law ever being raised as an issue and the DCPS has made payment on invoices billed by the said attorneys, some of who were employees of DCPS at one time.

15.     That counsel for Plaintiffs, on two different occasions in 2002 the latest of which was December 2002, provided the Defendants with copies of the resumes of all of the attorneys who had provided legal services to Plaintiffs. That the issue of unauthorized practice of law did not become an issue until May 2005, when the Defendants began questioning the "bar status" of certain attorneys in the office of the Plaintiffs' counsel.

16.     The Defendants have ignored the applicable rules governing the practice of law in the District of Columbia as well as various opinions issued by the Committee on the Unauthorized Practice of Law.

17.     That additionally, Defendants have similarly refused to pay Plaintiffs' costs and billings associated with work performed by paralegals/legal assistants.

18.     That Plaintiffs, such as those herein, who prevail under the IDEA, 20 U.S.C. § 1400 *et seq.*, in an administrative proceeding or in a court action against the Defendants, may recover "reasonable" attorneys' fees.

19.     That the amount of attorneys fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

20.     That the rate for "reasonable" attorneys' fees has been set by cases decided in the District of Columbia. See, e.g., *Bailey v. District of Columbia*, 839 F. Supp. 888

40

(D.D.C. 1993).

21.    That the attorney's current billing rates, as evidenced by the invoices attached as EXHIBITS hereto, are reasonably consistent with the prevailing market rate and the hours claimed were reasonable and necessary rather than excessive as claimed by Defendants.

22.    That Plaintiffs had settled expectations that if they prevailed they would be entitled to recover "reasonable" attorneys' fees at the rates "prevailing in the community" for the legal services provided by their attorneys.

23.    That in all instances herein, the Defendants' refusal to pay and/or denial of Plaintiffs' Attorney Fee Application is arbitrary, capricious and without a basis in law or fact.

24.    That this Court and the IDEA clearly allow for the recovery of reasonable costs associated with claims brought by prevailing parties such as the Plaintiffs' herein.

25.    That Defendants have summarily refused to pay Plaintiffs' applications for all costs associated with their cases.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

1.    Enter an Order directing Defendants to pay any and all reimbursements to the Plaintiffs as and for Attorneys' Fees.

2.    Enter an Order directing Defendants to pay any and all reimbursements to the Plaintiffs as and for Costs.

3.    Award each Plaintiff pre-judgment interest on each award.

4.     Award to Plaintiffs pursuant to 42 U.S.C. 1983 *et seq.*, the attorneys' fees and costs incurred in prosecuting the instant lawsuit.

5.     Awarding such other relief as may be just and proper.

Respectfully Submitted,

Tilman L. Gerald, Esq.
Bar No.: 928796
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000
Attorney for Plaintiffs