IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRIDGET AGAPITO,** )<br>**Parent and Next Friend of** )<br>**H.A, a minor, et. al** )<br>           **Plaintiffs,** )<br>                                    )<br>    v.                              )<br>                                    )<br>**THE DISTRICT OF COLUMBIA,** )<br>                                    )<br>           **Defendants** ) | Case No. 050-1935 (RMC) |

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS**

1. That on December 13, 2002 Plaintiff's Counsel provided the District of Columbia Public Schools (herein after referred to as the "Defendant") with copies of resumes for all attorneys with James E. Brown & Associates, indicating each attorneys' bar membership and affiliation.  **See December 13, 2002 Letter herein attached as Exhibits 1, 2.**

2. That Domiento Hill, Brenda McAllister, and Christopher West, while members in good standing of their respective bars, were not members of the District of Columbia bar at that time. [1]

3. That the Defendant did not advise Plaintiffs' Counsel of any policy, regulation, statute or any other prohibitions that would prohibit attorneys not barred in D.C. from representing parents in administrative due process hearings in IDEA matters.

---

[1] Since that time Mr. Hill and Mr. West have become members of the District of Columbia Bar.

1

4. That on November 29, 2004, Veleter Mazyck, Esq, then General Counsel for DCPS, circulated a request "[f]or Comments on Administrative Guidelines" to "members of the Special Education Bar". **See November 29, 2004 Memorandum herein attached as Exhibit 3.**

5. That the purposed guidelines did not purport to restrict non-D.C. lawyers from representing parents in due process hearings. *Id.*

6. That the proposed guidelines did not seek to place any restrictions on the ability of DCPS to pay reasonable attorney fees to non barred D.C. attorneys in IDEA matters. *Id*.

7. That by letter of May 14, 2003, Mary Froning, a member of the Committee on the Unauthorized Practice of Law (hereinafter "CUPL"), stated that Domiento Hill's, Esq., representation of clients before DCPS' Office of Student Hearings would be governed by the D.C. Court of Appeals Rule 49(c)(5) as amended. **See Mary Froning's Response attached hereto as Exhibit 4.**

8. That Mr. Hill's practice conformed to the requirements of Rule 49 (c)(5) and its subsequent amendment at all times pertinent hereto. **See Letterhead attached hereto as Exhibit 5.**

9. That on October 27, 2003, Julie B. Rottenberg, a member of the CUPL, advised Michelle Tuwiner, an attorney admitted to practice in the state of Maryland and whose practice had been limited representing parents before DCPS, that "[t]he Committee has determined that such a practice falls under the exception to Rule 49 set forth in Rule 49 (c)(5)." **See Julie Rottenburg's Response attached hereto as Exhibit 6**.

10. That in January 2005 Quinne Harris-Lindsey authored a memorandum interpreting the applicability of Rule 49 and the ability of those individuals not licensed to practice in D.C., but representing parents in administrative due process hearings regarding IDEA matters. **See Quinne Harris-Lindsey Memorandum attached hereto as Exhibit 7**.

11. That the Harris-Lindsey memorandum stated that the D.C. Board of Education is the entity that regulates the conduct of hearings and that the Board has not taken any action to authorize the practice of non-D.C. attorneys" *Id*.

12. That on February 1, 2005, Mr. Hill wrote Julie Rotenberg of the CUPL, seeking a determination with respect to his continued representation of parents in administrative due process hearings before the DCPS Office of Student Hearing was still permissible under Rule 49(c)(5). **See Mr. Hill's February 2005 Inquiry to the CUPL attached hereto as Exhibit 8.**

13. That March 8, 2005 marked the first time that the Defendant objected to the appearance of one of the Plaintiffs' Counsel representing parents in IDEA matters before the DCPS Office of Student Hearings. **See Plaintiffs Statement of Material Facts ¶¶ 34-36**.

14. That on April 11, 2005, a hearing officer refused to allow newly hired, Marshall Lammers, Esq., (a member in good standing with the bars of the states of New Jersey and Maryland and with an application pending in the District of Columbia), from conducting an administrative due process hearing on the basis of the Defendant's objection regarding non-barred DC attorneys. **See Plaintiffs SMF ¶74.**

15. That James E. Brown, Esq., wrote Kelly Evans, Executive Director of the State Enforcement and Investigations Division for Special Education ("SEID"), seeking clarification and the position of DCPS with regard to the ability of attorneys not licensed

in D.C. to represent parents in administrative due process hearings in IDEA matters. **See James E. Brown April 2005 Letter attached hereto as Exhibit 9.**

16. That in his letter of April 19, 2005, Kelly Evans indicated that he was in the process of "putting together a set of policy recommendations for executive administration and the Board of Education to squarely address this question by Title 5 of the District of Columbia Municipal Regulations." **See Kelly Evans April 2005 Response attached hereto as Exhibit 10.**

17. That Title 5 of the D.C.M.R, Chapter 3031.1, borrowing directly from the federal statute and federal regulations stated" a party to a due process hearing has the right to 'be accompanied and advised by counsel and by individuals with special knowledge or training with respect to the problems of children with disabilities. . .'"

18. That as of April 19th, 2005 the Board of Education had not promulgated any rules, regulations, or policies restricting or prohibiting the appearance of non-barred D.C. attorneys in IDEA matters before the DCPS Office of Student Hearings. **See Kelly Evans April 2005 Letter and James E. Brown May 10, 2005 Letter attached hereinafter as Exhibit 10, 12.**

19. That by letter dated April 28, 2005, addressed to Veleter Mazyck, Esquire, then DCPS General Counsel, over the signature of Ms. Rottenberg, the CUPL stated that "[w]e understand from the attached opinion provided to us by DCPS that DCPS does not authorize the appearance of non-D.C. bar attorneys before its tribunals and that DCPS does not undertake to regulate the practice of persons who appear in proceedings before it. Therefore, pursuant to Rule 49, attorneys who are not admitted to the D.C. bar may

not engage in the practice of law in administrative hearings before DCPS." **See April 28, 2005 CUPL Letter attached hereto as Exhibit 11.**

20. That in July 2005, Mr. Hill wrote Mary Froning of the CUPL seeking clarification of the recent interpretation and attempting to make certain that he was not running afoul of the Rule 49(c)(5) and 49 (c)(8) exceptions. **See Mr. Hill's July 28, 2005 & July 29, 2005 Letters attached hereto as Exhibit 13.**

21. That the CUPL did not respond or otherwise provide clarification as requested by Plaintiffs' Counsel relative to the application of Rule 49(c)(5) and 49 (c)(8) to attorneys not barred in D.C. until August 3, 2005.

22. That in her August 3, 2005 Mary Froning, a member of the CUPL advised that "the committee will hold harmless anyone who in good faith practiced under the murky rules that existed prior to April 28, 2005..." **See Mary Froning's August 5, 2005 email attached hereto as Exhibit 14.**

23. That Domiento Hill, Marshall Lammers, Brenda McAllister, and Christopher West, at all times relevant hereto, practiced in good faith. **See Plaintiffs SMF ¶ 1.**

24. That Mr. Hill and Ms. McAllister routinely represented parents in administrative hearing involving IDEA matters since 2001 without objection from the Defendant. **See Plaintiffs SMF ¶ 1.**

25. That Mr. West, a former DCPS attorney advisor, had been representing parents in due process hearing involving IDEA matters since October 2000 without objection.

26. That Mr. Lammers practiced in good faith under the exception of the Rule 49(c)(8) under the supervision of James E. Brown and Roberta Gambale.  **See Letterhead Hereto attached as Exhibit 15.**

27. That prior to August 4, 2005, bar status and/or membership was never used by DCPS as a reason for denying reimbursement of reasonable attorney fees.

28. That Plaintiff's Counsel submitted invoices between March 11, 2005 and June 13, 2005 in accordance with DCPS' Office of the General Counsel's November 2004 Memorandum on reimbursement of attorney fees.  **See November 2004 Memorandum on Submission of Attorney Fees attached hereto as Exhibit 3.**

29. That in an August 4, 2005 letter, Erika L. Pierson, the Acting Deputy General Counsel for DCPS' Office of the General Counsel, indicated that payment which specified in the settlement agreements had been denied ". . . due to the unauthorized practice of law by the attorneys involved' . . . [and that DCPS] will not pay attorney fees for attorneys who are not licensed to practice law in the District of Columbia...."  **See August 2005 Erika Pierson Letter attached hereto as Exhibit 16.**

30. That at the hearing for H.A., held on April 25, 2005, Brenda McAllister, a non-barred D.C. attorney, represented the Plaintiff, who entered into a settlement agreement on the record, the provisions of which were incorporated into an Hearing Officer's Determination (HOD).  Moreover, the attorney advisor for the Defendant made no objections with respects to Ms. McAllister's bar status at said hearing.  **See Hearing Officer's Determination attached to Compl. as Exhibit 1.**

31. That at the hearing for D.B., on April 26, 2005, Marshall Lammers, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record,

the provisions of which were incorporated into an order. Moreover, the Defendant made no objections with respects to Mr. Lammers' bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 2.**

32. That at the hearing for R.B., on June 6, 2005, Marshall Lammers, a non-barred D.C. attorney (under the supervision of Roberta Gambale), represented Plaintiff who entered into a settlement agreement on the record, the provisions of which was incorporated into an order. Moreover, Defendant made no objections to Mr. Lammers' bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 3.**

33. That at the hearing for J.B., on March 16, 2005, Christopher West, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, Defendant made no objections to Mr. West's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 4.**

34. At the hearing of K. B., on March 8, 2005, the Defendant objected to the appearance of the Plaintiff's Counsel Christopher West stating that counsel was not barred in the District of Columbia. **See Hearing Officer's Determination hereto attached as Exhibit 5.**

35. The Hearing Officer concluded that "because the IDEA allows representation by lay advisors, it would stand to reason that a lawyer, even though not licensed to practice law in the jurisdiction may represent a parent or student in a due process hearing."

36. He further concluded that Defendant DCPS had acquiesced to the representation of attorneys who were not members of the D.C. bar and thus concluded that representation of parents/students in due process hearings under IDEA before DCPS by non [licensed]

7

attorneys had been permitted and therefore, parents counsel had net the requirements of Rule 49 (c)(5). The HOD then incorporated the settlement agreement into the record. Complaint  **See Hearing Officer's Determination attached in Compl. as Exhibit 5.**

37. That at the hearing for B.B., on March 23, 2005, Christopher West, a non-barred D.C. attorney, represented the Plaintiff, who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections with respect to Mr. West's bar status at said hearing**. See Hearing Officer's Determination attached in Compl. as Exhibit 6.**

38. That at the hearing for S.B., on April 14, 2005, Christopher West, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. West's bar status at said hearing. **See Hearing Officer's Determination hereto attached as Exhibit 7.**

39. That at the hearing for D.B., on April 11, 2005, Christopher West, a non-barred D.C. attorney, represented the Plaintiff, who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. West's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 8.**

40. That at the hearing for J.C., on June 7, 2005, Domiento Hill, a non-barred D.C. attorney (under the supervision of Roberta Gambale), represented the Plaintiff, who entered into a settlement on the record the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. Hill's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 9.**

41. That at the hearing for J.C, on April 4, 2005, Domiento Hill, a non-barred D.C. attorney, represented the Plaintiff entered into a settlement agreement on the record the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. Hill's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 10.**

42. That at the hearing for R.C., on April 11, 2005, Marshall Lammers, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. Lammers' bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 11.**

43. That at the hearing for S.D., on April 21, 2005, Christopher West, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. West's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 12.**

44. That at the hearing for B.D., on April 15, 2005, Brenda McAllister, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement on the record the provisions of which were incorporated into an order. Moreover, the Defendant failed to object to Ms. McAllister's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 13.**

45. That at the hearing for O.E., on April 21, 2005, Christopher West, a non-barred D.C. attorney, represented the Plaintiff. The Parties litigated the issues on the merit with the hearing officer ordering the Defendant, among other things, to convene a MDT meeting

within thirty calendar days of the issuance of the HOD. Defendant objected to Mr. West's appearance on the basis that he was not licensed in D.C. **See Hearing Officer's Determination attached in Compl. as Exhibit 14.**

46. That the hearing officer overruled this objection stating "that DCPS had not expressed an official position on the practice of non D.C. Bar members in 34 CFR 300.507(a) hearings while the practice had continued over a period of years." *Id*.

47. That at the hearing for N.F., on May 19, 2005, Domiento Hill, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. Hill's bar status in the said hearing. **See Hearing Officer's Decision attached hereto as Exhibit 15.**

48. That at the hearing for N.F., on March 21, 2005, Domiento Hill, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. Hill's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 16.**

49. That at the hearing for A.F., on April 4, 2005, Brenda McAllister, a non-barred D.C. attorney represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Ms. McAllister's bar status at said hearing. **See Hearing Officer's Determination hereto attached as Exhibit 17.**

50. That at the hearing for N.F., on April 11, 2005, Brenda McAllister, a non-barred D.C. attorney represented the Plaintiff who entered into a settlement agreement on the record,

the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Ms. McAllister's bar status at said hearing. **See Hearing Officer's Determination hereto attached as Exhibit 18.**

51. That at the hearing for T.F., on April 11, 2005, Brenda McAllister, a non-barred D.C. attorney represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Ms. McAllister's bar status at said hearing. **See Hearing Officer's Determination hereto attached as Exhibit 19.**

52. That at the hearing for R.G., on April 5, 2005, Domiento Hill, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. Hill's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 20.**

53. That Defendant is refusing to reimburse for attorneys fees in the matter of D.G., at all times relevant hereto, Miguel Hull has been an attorney licensed to practice in the District of Columbia. **See Exhibit Hearing Officer's Determination attached in Compl as Exhibit 21; see Plaintiffs SMF ¶ 1.**.

54. That at the hearing for L.H., on April 13, 2005, Domiento Hill, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. Hill's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 22.**

55. That at the hearing for L.H., on July 18, 2005, Domiento Hill, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. Hill's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 23.**

56. That at the hearing for A.H, on April 4, 2005, Domiento Hill, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. Hill's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 24.**

57. That at the hearing for J.H., on May 18, 2005, Domiento Hill, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. Hill's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 25.**

58. That at the hearing for J.J., on April 18, 2005, Domiento Hill, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. Hill's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 26.**

59. That at the hearing for T.J., on May 3, 2005, Brenda McAllister, a non-barred D.C. attorney represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made

no objections to Ms. McAllister's bar status at said hearings. **See Hearing Officer's Determination hereto attached as Exhibit 27.**

60. That at the hearing for A.L., on May 10, 2005, Domiento Hill, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. Hill's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 28.**

61. That at the hearing for D.M., on March 18, 2005, Domiento Hill, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. Hill's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 29.**

62. That at the hearing for S.M., on April 8, 2005, Christopher West, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. West's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 30.**

63. That at the hearing for M.M., on April 18, 2005, Domiento Hill, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. Hill's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 31.**

64. That at the hearing for R.O., on May 5, 2005, Marshall Lammers, a non-barred D.C. attorney represented the Plaintiff. The parties litigated on the merits with the hearing officer finding in favor of the Plaintiff. Moreover, the Defendant made no objections to Mr. Lammers' bar status. **See Hearing Officer's Determination attached in Compl. as Exhibit 32.**

65. That at the hearing for M.P., on April 20, 2005, Christopher West, a non-barred D.C. attorney represented the Plaintiff. The parties litigated on the merits with the hearing officer finding in favor of the Plaintiff. Moreover, the Defendant made no objections to Mr. West bar status. **See Hearing Officer's Determination attached in Compl. as Exhibit 33.**

66. That at the hearing for R.P., on March 18, 2005, Domiento Hill, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. Hill's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 34.**

67. That at the hearing for A.P., on April 18, 2005, Brenda McAllister, a non-barred D.C. attorney represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Ms. McAllister's bar status at said hearing. **See Hearing Officer's Determination hereto attached as Exhibit 35.**

68. That at the hearing for C.R., on May 12, 2005, Marshall Lammers, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made

14

no objections to Mr. Lammers' bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 36.**

69. That at the hearing for G.R., on March 21, 2005, Christopher West, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. West's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 37.**

70. That at the hearing for J.S., on April 6, 2005, Domiento Hill, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. Hill's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 38.**

71. That at the hearing for T.S. on March 22, 2005, Domiento Hill, a non-barred D.C. attorney represented the Plaintiff. The parties litigated on the merits with the hearing officer ordering the Defendant, among other things, provide an independent evaluation. Moreover, the Defendant made no objections to Mr. Hill's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 39.**

72. That at the hearing for W.S., on April 25, 2005, Brenda McAllister, a non-barred D.C. attorney represented the Plaintiff, whereby the Defendant agreed to reimburse the Plaintiff for the cost of services of an independent clinician. The hearing officer further ordered to parties to convene a MDT meeting. Moreover, the Defendant made no objections to Ms. McAllister's bar status at said hearing. **See Hearing Officer's Determination hereto attached as Exhibit 40.**

73. That at the hearing for E.S., on May 4, 2005, Marshall Lammers, a non-barred D.C. attorney represented the Plaintiff. The parties litigated the merits of the administrative due process hearing request. The Defendant objected to Ms. Lammers' appearance on the basis of his bar status. The hearing officer held the motion in abeyance choosing to focus on the issues regarding FAPE, decided in favor of the Plaintiff. **See Hearing Officer's Determination hereto attached as Exhibit 41.**

74. That at the hearing for T.T. on May 6, 2005, Marshall Lammers, a non-barred D.C. attorney represented the Plaintiff. The Defendant objected to Mr. Lammers' bar status, however, after continuing the case to allow Mr. Lammers time to submit documents that supported his practice under Rule 49 (c)(8), the hearing officer allowed litigation on the merits whereby she found in favor of the Plaintiff. **See Hearing Officer's Determination hereto attached as Exhibit 42.**

75. That at the hearing for A.T. on May 16, 2005, Domiento Hill, a non-barred D.C. attorney represented the Plaintiff. The parties litigated on the merits with the hearing officer ordering the Defendant, among other things, provide an independent evaluation. Moreover, the Defendant made no objections to Mr. Hill's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 43.**

76. That at the hearing for G.V., on March 14, 2005, Brenda McAllister, a non-barred D.C. attorney represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Ms. McAllister's bar status at said hearings. **See Hearing Officer's Determination hereto attached as Exhibit 44.**

77. That at the hearing for D.W., on April 13, 2005, Brenda McAllister, a non-barred D.C.

attorney represented the Plaintiff. The Defendant objected to the appearance of Plaintiffs Counsel on the basis that counsel was not barred in D.C. The hearing officer did not grant the motion and order Defendant to provide Plaintiff's counsel with copies of evaluations and provide a written status to the hearing officer. **See Hearing Officer's Determination hereto attached as Exhibit 45.**

78. That at the hearing for L.W, on March 22, 200[5], Christopher West, a non-barred D.C. attorney represented the Plaintiff. The Defendant objected to the appearance of Plaintiffs counsel on the basis that counsel was not barred in D.C. The hearing officer denied the motion concluding "that representation of parents/students due process hearings under IDEA before DCPS by non-attorneys has been permitted by DCPS' past pattern and practice and parent's counsel has met the requirements of the exception of Rule 49(c)(5)". The HOD then incorporated the settlement reached between the parties in an order. **See Hearing Officer's Determination hereto attached as Exhibit 46.**.

79. That at the hearing for K.W., on March 25, 2005, Christopher West, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. West's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 47.**

80. That at the hearing for A.W., on June 6, 2005, Domiento Hill, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. Hill's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 48.**

81. That at the hearing for D.W., on April 15, 2005, Christopher West, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. West's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 49.**

82. That at the hearing for L. W., on March 23, 2005, Domiento Hill, a non-barred D.C. attorney represented the Plaintiff. The Defendant objected to the appearance of Plaintiffs Counsel on the basis that counsel was not barred in D.C. The hearing officer overruled this objection on the basis of his prior rulings. **See Hearing Officer's Determination attached in Compl. as Exhibit 50**

83. That at the hearing for S.W, on June 9, 2005, Domiento Hill, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. Hill's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 51.**

84. That at the hearing for J.W., on April 18, 2005, Marshall Lammers, a non-barred D.C. attorney(under the supervision of Miguel Hull), represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. Lammers' bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 52.**

85. That at the hearing for K.Y., on April 11, 2005, Brenda McAllister, a non-barred D.C. attorney represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made

no objections to Ms. McAllister's bar status at said hearing. **See Hearing Officer's Determination hereto attached as Exhibit 53.**

86. That at the hearing for D.Y., on March 17, 2005, Christopher West, a non-barred D.C. attorney, represented the Plaintiff who entered into a settlement agreement on the record, the provisions of which were incorporated into an order. Moreover, the Defendant made no objections to Mr. West's bar status at said hearing. **See Hearing Officer's Determination attached in Compl. as Exhibit 54.**

87. All of the Plaintiffs are prevailing parties as defined by the IDEA. **See September 30, 2005 Compl. ¶¶4a-4bbb.**

88. To date Defendant has not reimbursed Plaintiff's Counsel for attorneys' fees.

                Respectfully Submitted,

                _____/s/_____
                Tilman L. Gerald, Esq.
                James E. Brown & Associates, PLLC
                1220 L Street, N.W., Suite 700
                Washington, D.C. 2000
                (202)742-2000
                Attorney for the Plaintiff