# EXHIBIT 4





# District of Columbia Court of Appeals
## Committee on Unauthorized Practice of Law
500 Indiana Avenue, N.W.
Washington, D. C. 20001
(202) 879-2777

May 14, 2003

Domiento C. R. Hill, Esquire
Murrell & Brown
1220 L Street, NW – Suite 700
Washington, DC 20005

Dear Mr. Hill:

Thank you for your response dated December 12, 2002, regarding the complaint filed against you. Please forgive the delay in answering your letter.

The Committee having reviewed your response, we are happy to inform you that this matter now has been concluded.

With regard to any future representation of clients before any DC agencies, you might wish to familiarize yourself with the recent changes in D.C. Court of Appeals Rule 49(c)(5). In Opinion 11-02 of the District of Columbia Court of Appeals Committee on the Unauthorized Practice of Law, issued June 10, 2002, the following applies to your situation.

"The Court amended sections (c)(2), (c)(5), (c)(9) and (c)(10) to require lawyers with offices in the District of Columbia to disclose explicitly their bar status. This disclosure requirement does not apply to lawyers practicing under other exceptions, such as the (c)(1) and (c)(4) exceptions for government lawyers and the (c)(6) exception for in-house counsel. This new disclosure requirement could be satisfied with such statements as "Admitted only in [specified states]," "Not admitted in D.C.," or in the case of (c)(9), "Inactive member of D.C. Bar." Written notice is preferred, but oral notice may be acceptable if it is reasonable under the circumstances, for example, in the case of a *pro bono* program where an attorney provides legal advice only over the telephone. This amendment thus gives practitioners flexibility in describing their bar status and makes practice under sections (c)(2), (c)(5), (c)(9) and (c)(10) consistent with practice under section (c)(8)."

Sincerely,

Mary L. Froning
Member of the Committee

