# EXHIBIT 8

# JAMES E. BROWN & ASSOCIATES, PLLC

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez!◊ |
| Domiento C.R. Hill*◊Δ | 1220 L Street, NW | Tilman Gerald |
| Brenda McAllister*◊Δ | Suite 700 | Christina Busso |
| Roberta Gambale | Washington, DC 20005 | John Strauss |
| Miguel A. Hull | Telephone: (202) 742-2000 | Roxanne Neloms |
| Christopher L. West♦◊ | Facsimile: (202) 742-2098 | |

---

\* Admitted in Maryland Only                                                                 Δ Member of the DC Federal Bar
♦ Admitted in New York Only                                                                 ! Admitted in Bolivia Only

February 1st, 2005

**Via Hand Delivery Only**
Julie B. Rottenberg, Member of the Committee
District of Columbia Court of Appeals
Committee on Unauthorized Practice of Law
500 Indiana Avenue, NW
Washington, DC 20001

Dear Ms. Rottenberg:

I write this letter to request a second and continuing opinion as to whether or not my practice before the District of Columbia Public Schools' Office of Student Hearings is permissible pursuant to 49 (c)(5) of the District of Columbia Rules of Court.

As you my or may not know, in the fall of 2002, a complaint was filed against me with the District of Columbia Court of Appeals' Committee on Unauthorized Practice of Law ("Committee") alleging that I was unlawfully engaging in the unlawful and unauthorized practice of law, while I was going before the District of Columbia Public Schools' Office of Student Hearings ("DCPS") representing children with special needs.

As you can also recall, as part of that investigation, I was required to explain to the Committee as to how any why any rule of the District of Columbia Court of Appeals would allow for me to represent children with special needs in that forum.

In my response, dated December 12th, 2002, I relied on Rule 49 (c)(5) of the District of Columbia Court of Appeals Rules. Rule 49 (c)(5) states in relevant part that "No person shall engage in the practice of law in the District of Columbia or in any manner hold out as authorized or competent to practice in the District of Columbia Bar, except as otherwise permitted by these Rules." Found in Rule 49 are eight (8) exceptions. The exception I believed applied to my case was that of 49 (c)(5).

**EXHIBIT**

8

---

◊ *"Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c)(5)."*

Rule 49 (c)(5) allows for an attorney to engage in the practice of law provided that attorney is providing legal services to members of the public solely before a department of the District of Columbia government, where:

(a) Such representation is confined to appearances in proceedings before tribunals of that department of agency and other conduct reasonably ancillary to such proceedings;

(b) Such representation is authorized by statute, or the department or agency has authorized it by rule and undertaken to regulate it;

(c) If the practitioner has an office in the District of Columbia, the practitioner expressly gives prominent notice in all business documents of the practitioner's bar status and that his or her practice is limited consistent with the section (c); and, if applicable,

(d) If the practitioner does not have an office on the District of Columbia, the practitioner, expressly gives written notice to clients and other parties with respect to any proceeding before tribunals of that department or agency and any conduct reasonably ancillary to such proceeding of the practitioner's bar status and that his or her practice is limited consistent with this section (c).

In applying the exception contained in Rule 49 to my practice, I stated, and still maintain, the following:

The first prong of this exception is satisfied as all of the work I engage in is limited solely to appearances before the District of Columbia Public Schools' Office of Student Hearings. The law and procedure that is argued in that case is purely administrative.

The second prong of this exception is satisfied by a plain reading of both the Individuals with Disabilities Education Act ("IDEA"), as well as a review of Chapter 30 of the Board Rules, Title 5 of the D.C. Municipal Regulations ("Chapter 30").

More specifically, 34 C.F.R. Sec. 300.509 (a)(1) states that "any party to a hearing conducted pursuant to Secs. 300.507 or 300.520-300.528, or an appeal conducted pursuant to Sec. 300.510, has the right to 'be accompanied by and advised by counsel and by individuals with special knowledge or training with respect to the problems of children with disabilities.'" See Attached Exhibit #1.

Chapter 30 Section 3031.1 of the District of Columbia Municipal Regulations, is a verbatim restatement of the IDEA on the issue. Chapter 30 merely restates that the parent has the right to "be accompanied by and advised by counsel and by individuals with

2

special knowledge or training with respect to the problems of children with disabilities."
There is no regulation, policy, or requirement from the District of Columbia Public
Schools that requires that I be a member of the District of Columbia Bar. Indeed, while
Rule 49 (c)(5) does allow for the District of Columbia Public Schools to promulgate and
adopt regulations or policy that requires an attorney to be a licensed member of the
District of Columbia Bar in order to represent parents of children with special needs in
administrative due process hearings, DCPS has never under taken to do so. <u>See</u> Attached
Exhibit #2.

    The third prong of the exception is clearly met, after a review of our firm's
letterhead. My law firm's office is located in the District of Columbia on 1220 L Street,
NW, Suite 700, Washington, DC 20005. All firm documents and letterheads prominently
identify that I am only admitted to practice in the state and federal courts of Maryland, as
well as the federal district court of the District of Columbia. Further, the letterhead
clearly indicates that my practice is solely limited to appearances before the District of
Columbia Public Schools ("DCPS") Office of Student Hearings pursuant to Rule 49
(c)(5) of the District of Columbia Court of Appeals.[1]

    In support of past decisions from the Committee authorizing my practice, as well as
the practice of a similarly situated attorney, and attached as part of the record are two (2)
letters issued by your Committee dealing squarely with this issue.

    The first letter, dated May 14th, 2003, was addressed to me after the Committee
concluded, after six (6) plus month investigation, that I was not engaging in the unlawful
unauthorized practice of law and that the matter had been concluded. <u>See</u> Attached
Exhibit #3.

    In the second letter dated October 27th, 2003, the Committee gave a detailed
explanation, to another attorney, who was similarly situated to myself, as to why her
practicing before the District of Columbia Public Schools' Student Hearing Office was
permitted under the Rule 49 (c)(5) exception. <u>See</u> Attached Exhibit #4. In that letter, the
attorney, who was only admitted to practice in the state of Maryland, was given
permission by the Committee to practice before the District of Columbia Public Schools'
Office of Student Hearings. The letter went on to state that the attorney was even
allowed to go before federal courts in the District of Columbia.

    I am requesting this opinion from the Committee to determine whether or not my
practice continues to be permissible under the exception contained in Rule 49 (c)(5).
Please know that I would not ever knowingly engage in the unlawful unauthorized
practice of law without the consent of the Committee which I believed I had since May of

3

---

[1] The Fourth prong of the exception is not relevant as it deals with an attorney's office whose is not located
in the District of Columbia.

◊ "Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District
of Columbia Court of Appeals Rule 49(c)(5)."

2003.  I was only continuing to represent parents in administrative proceedings after receiving what I permission and consent from the District of Columbia Court of Appeals' Committee on the Unauthorized Practice.

I understand that your office will be issuing very shortly a decision on this matter, however, I feel it appropriate that you look at all parties' positions, before making a determination.  Further, I would like to inquire into whether or not an independent hearing officer has the ability to grant me pro hac vice status to continue to represent those parents in these proceedings.

I think you ahead of time for taking the time to review this letter and material.

Respectfully submitted,

Domiento C.R. Hill, Esq.

Cc: Mary L. Froning, Committee on the Unauthorized Practice of Law
    File

4

◊ "Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c)(5)."