# EXHIBIT 11



# District of Columbia Court of Appeals
## Committee on Unauthorized Practice of Law
500 Indiana Avenue, N.W.
Washington, D. C. 20001
202/879-2777

April 28, 2005

Veleter M. B. Mazyck, Esq.
General Counsel
District of Columbia Public Schools
825 North Capital Street, N.E., 9th Floor
Washington, D.C. 20002

Dear Ms. Mazyck:

The District of Columbia Public Schools ("DCPS") has inquired of the Committee on Unauthorized Practice of Law ("CUPL") as to whether attorneys and advocates who are not members of the D.C. Bar may engage in the practice of law in administrative hearings before the DCPS.

As you are aware, D.C. Court of Appeals Rule 49 governs the unauthorized practice of law in the District of Columbia. Rule 49 provides that "No person shall engage in the practice of law in the District of Columbia or in any manner hold out as authorized or competent to practice law in the District of Columbia unless enrolled as an active member of the District of Columbia Bar, except as otherwise permitted by these rules."

Rule 49(c) provides exceptions under which an attorney not admitted to practice in D.C. may practice law in D.C. Specifically, Rule 49(c)(5) provides that persons who are not members of the D.C. Bar, and who are not otherwise engaged in the practice of law in the District, may:

> Provid[e] legal services to members of the public solely
> before a department or agency of the District of Columbia
> government, where:



EXHIBIT 11

Veleter M. B. Mazyck, Esq.
April 28, 2005
Page 2

    (a) Such representation is confined to appearances in proceedings before tribunals of that department or agency and other conduct reasonably ancillary to such proceedings;

    (b) Such representation is authorized by statute or the department or agency has authorized it by rule and undertaken to regulate it;

    (c) If the practitioner has an office in the District of Columbia, the practitioner expressly gives prominent notice in all business documents of the practitioner's bar status and that his or her practice is limited consistent with this section (c); and

    (d) If the practitioner does not have an office in the District of Columbia, the practitioner expressly gives written notice to clients and other parties with respect to any proceeding before tribunals of that department or agency and any conduct reasonably ancillary to such proceedings of the practitioner's bar status and that his or her practice is limited consistent with this section (c).

    We understand from the attached opinion provided to us by DCPS that DCPS does not authorize the appearance of non-D.C. bar attorneys before its tribunals and that DCPS does not undertake to regulate the practice of persons who appear in proceedings before it. Therefore, pursuant to Rule 49, attorneys who are not admitted to the D.C. Bar may not engage in the practice of law in administrative hearings before DCPS. This also applies to private attorneys not employed by DCPS who represent DCPS in such hearings because, as we understand it, DCPS does not authorize by rule, or undertake to regulate, their practice.

    We have also received inquiries as to whether Rule 49 permits non-attorney advisors to appear as advocates in administrative tribunals before DCPS. Although we understand that the D.C. Municipal Regulations previously allowed such representation, those regulations have since been amended. Although the Committee takes no position on how the statute or the regulations should be interpreted, DCPS has interpreted the current regulations not to authorize such representation, as the attached opinion explains.

Veleter M. B. Mazyck, Esq.
April 28, 2005
Page 3

Therefore, we do not believe that non-attorney advisors may represent parties before DCPS. *See* 5 D.C.M.R. § 3031.

The Committee wishes to make clear that nothing in Rule 49 prevents DCPS from authorizing persons who are not members of the D.C. Bar from representing individuals in proceedings before it, or from amending or reinterpreting its regulations to permit such practice. Of course, if DCPS authorizes person who are not D.C. Bar members to appear before it and undertakes to regulate their practice, Rule 49 would permit such persons to provide legal services in DCPS proceedings and in matters reasonably ancillary to such proceedings, provided they comply with the other requirements of Rule 49(c)(5), including the notice requirements.

We now consider this matter closed. Please do not hesitate to contact the Committee if you need anything further.

Sincerely,

Julie B. Rottenberg

Enclosure