# EXHIBIT 13

# James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores S. McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers° |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |

\* Admitted in Maryland Only     e-mail: Admin@Jeblaw.biz     ! Admitted in Bolivia Only

RECEIVED JUL 2 8 2005 COMMITTEE ON ADMISSIONS / COMMITTEE ON UNAUTHORIZED PRACTICE

July 28th, 2005

**Via Hand Delivery Only**
Mary L. Froning, Member of the Committee
Committee on the Unauthorized Practice
Moultrie Courthouse
500 Indiana Avenue N.W., Room 4200
Washington, D.C. 20001

Dear Ms. Froning:

    I write as a follow-up to my letter of February 1st, 2005.

    As you may or may not be able to recall, I requested a response from the Committee on the Unauthorized Practice ("Committee") as to whether or not my practice was still covered under the District of Columbia of Appeals Rule 49(c)(5). I made this inquiry because my ability to represent well over one hundred and fifty (150) disabled parents and their children, in administrative due process hearings, before the District of Columbia Public Schools ("DCPS") had been challenged on several occasions. I have included a copy of my letter to the Committee, with the date stamp, for your review. To date I have yet to get a response to my inquiry.

    I am taking the time to write a second inquiry because on or about May 5th, 2005, in the midst of an administrative due process hearing, I was provided with a response to an inquiry written by the Office of the General Counsel for DCPS. A Committee member, in her response, informed DCPS that based on the facts as presented to the Committee, it appears that an attorney practicing pursuant to Rule 49 (c)(5) would not be allowed to conduct administrative hearings. Specifically, the Committee member, in her response relied on an opinion, provided by DCPS wherein the Supreme Court for the state of Delaware, held that an educational advocate was not entitled to attorney's fees. Naturally, I agree with this ruling by the Delaware Supreme Court, however, what concerns me is the fact that DCPS represented to the Committee a policy that does not exist. Specifically, DCPS stated that DCPS does no allow no licensed District of Columbia attorneys to come before independent hearing officers. This representation was true. In fact, for well over the five (5) years I have been practicing pursuant to Rule 49 (c)(5) DCPS has not only allowed non-licensed District of Columbia attorneys to come before them in

---

◊ Admitted Only in Maryland; Practicing Pursuant to Rule 49 (c)(8); Supervision by Roxanne Neloms and Christopher West, membe[rs]
° Admitted Only in Maryland and New Jersey; Practicing Pursuant to Rule 49 (c)(8); Supervision by James E. Brown and Roberta Gamb[ale]

EXHIBIT 13

administrative hearings, they have even allowed persons who are not attorneys at all to represent parents of children with special needs.

Moreover, DCPS represented a policy that does not even exist. There is no policy adopted by the DC Board of Education requiring that attorneys be licensed by the District of Columbia in order to conduct administrative due process hearings. I have included a copy of the DCPS Standard Operating Procedures Manual for your review.

Nevertheless, based on the aforementioned letter from the Committee, it appears that my ability to practice before DCPS, pursuant to Rule 49 (c)(5) was recanted on or about May 5th, 2005. Subsequent to this response from the Committee Member, on or about June 24th, 2005, I submitted my application to become a member of the DC Bar. Although I initially believed that I would have to practice pursuant to Rule 49 (c)(6) and become only of counsel, after reviewing various opinions issued by the Committee, I learned that I am allowed to practice pursuant to Rule 49 (c)(8).

The reason that I am taking the time to write to you now is because I do not wish it to appear that I am trying to run afoul of the Committee's Rules and I do not want to jeopardize my application with the District of Columbia Bar. Moreover, I find myself being unfairly challenged and harassed by several attorneys within the DCPS Office of the General Counsel. Indeed, these attorneys have been stating allegeing that I am engaged in the unauthorized practice. Your attention to this matter would be greatly appreciated. My number is 202-742-2008. If necessary, please feel free to email me at dhill@jeblaw.biz. I look forward to your response. I have included copies of all correspondence for your review.

Respectfully,

Domiento C.R. Hill, Esq.

Cc: File

2

# James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill*◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores S. McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers° |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia Only

July 29th, 2005



**Via Hand Delivery**
Mary L. Froning, Member of the Committee
Committee on the Unauthorized Practice
Carl Moultrie Courthouse
500 Indiana Avenue N.W., Room 4200
Washington, D.C. 20001

Re: Second letter of inquiry regarding practice under D.C. Court of Appeals Rule 49.

Dear Ms. Froning:

    This letter serves as a follow-up to my inquiry of February 1st, 2005, concerning whether or not my practice continues to be governed by the D.C. Court of Appeals Rule 49 (c)(5). As my letter of yesterday, due to several typographical errors, may have caused confusion, I am resending this letter in hopes of not only clarifying my position, but also to assist the Committee on the Unauthorized Practice ("Committee") clearly respond to my inquiry.

    I previously requested a response from the Committee as to whether or not my practice was still covered under the District of Columbia Court of Appeals Rule 49(c)(5). I made this inquiry because my ability to represent well over one hundred and fifty (150) disabled parents and their children, in administrative due process hearings, before the District of Columbia Public Schools ("DCPS") had been challenged on several occasions. Please see a copy of my inquiry to the Committee I made in February of this year. As of this date, I have yet to get a response to my inquiry.

    On or about May 5th of this year, during an administrative due process hearing, an attorney advisor with the DCPS Office of the General Counsel provided me with a copy of a response, from the Committee, in regards to an inquiry made by the DCPS Office of the General Counsel. In that response, a Committee Member stated that based on the facts presented to her, by DCPS, it appears that an attorney practicing pursuant to Rule 49

---

◊ *Admitted only in Maryland; Practicing Pursuant to Rule 49 (c)(8); Supervision by Roxanne Neloms and Christopher West, Members of the*

° *Admitted Only in Maryland and New Jersey; Practicing Pursuant to Rule49 (c)(8); Supervision by James E. Brown and Roberta Gambale, men*
*the D.C. Bar.*

Columbia Municipal Regulations (5 DCMR § 3000, *et seq.*). The Student Hearing Office is responsible for the following:

   a. Receiving the written request for a hearing.
   b. Scheduling or coordinating with the Hearing Officer to schedule the hearing within the statutory time limit.
   c. Hiring and assigning an impartial Hearing Officer.
   d. Notifying the parties in the hearing of the time and place.
   e. Providing and coordinating logistical support for the hearing such as adequate space, recording equipment, and an interpreter, if needed.
   f. Obtaining transcripts and tapes of hearings and retaining copies.
   g. Providing copies of transcripts and recordings upon request.
   h. Maintaining historical statistical data and archiving hearing files.
   i. Promptly and professionally responding to inquiries.

The Student Hearing Office shall maintain sufficient staff, equipment, and other resources and implement appropriate training, supervision, and other practices to ensure the following:

   a. Office staff promptly and professionally respond to inquiries and otherwise perform their duties competently.
   b. Office space is sufficient to provide reasonable working space for the staff at all times and for the use of Hearing Officers in the period before, after and between hearings.
   c. Hearings have adequate time and space to be conducted in one day or consecutive days, if necessary.
   d. The telephone is answered promptly and professionally during normal business hours; in the exceptional situations in which the telephone cannot be answered promptly (e.g., 5 or more calls come in simultaneously), calls immediately roll over to an answering machine or voice mail system that has sufficient memory to handle all messages.
   e. After normal business hours, calls immediately roll over to an answering machine or voice mail system that has sufficient memory to handle all messages.
   f. All messages handled by the answering machine or voice mail are retrieved promptly and calls returned no later than the close of the next business day.
   g. Incoming faxes are received and documented promptly; outgoing faxes are sent promptly, and the fax machine produces written transmittal confirmation for each fax attempted.
   h. The Student Hearing Office shall provide a mechanism to note for the parties the receipt by the Student Hearing Office of submissions. In order to accomplish this, the Student Hearing Office shall maintain a date stamp for use by persons submitting documents by hand and will provide personnel to date stamp and return in self-addressed postage-prepaid envelopes, date-stamped copies.
   i. Case files for each Hearing Request are accurately maintained and include documentation of all correspondence, including fax transmittal confirmations.

Because I have yet to receive a response or decision from the Committee in this matter, I find myself once again being unfairly challenged and harassed by several Attorney Advisors within the DCPS Office of the General Counsel. Indeed, these attorneys have been alleging once again, that I am engaged in the unauthorized practice of law. These allegations by DCPS threaten not only me reputation, but also my ability to sustain my livelihood. I do not feel that these accusations are justified or warranted. Moreover, I do not want DCPS' latest attempts to attack my credibility to delay my admission to the District of Columbia Bar.

Your attention to this matter would be greatly appreciated. My number is 202-742-2008. If necessary, please feel free to email me at dhill@jeblaw.biz. I look forward to your response. Furthermore, I would appreciate if you also agree that my practice is now allowed under Rule (c)(8) and that I may be able allowed to represent parents in administrative due process hearings within DCPS.

Respectfully,

Domiento C.R. Hill, Esq.

Cc: File

◊ Admitted only in Maryland; Practicing Pursuant to Rule 49 (c)(8); Supervision by Roxanne Neloms and Christopher West, Members of the D.C. Bar.

Admitted Only in Maryland and New Jersey; Practicing Pursuant to Rule 49 (c)(8); Supervision by James E. Brown and Roberta Gambale, members of the D.C. Bar.