# EXHIBIT 15

# James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill*◊ | 1220 L Street, NW | Tilman L. Gerald |
| Brenda McAllister*◊ | Suite 700 | Roxanne D. Neloms |
| Roberta Gambale | Washington, DC 20005 | John A. Straus |
| Miguel A. Hull | Telephone: (202) 742-2000 | Delores Scott McKnight |
| Christopher L. West | Facsimile: (202) 742-2098 | Marshall Lammers° |

\* Admitted in Maryland Only          e-mail: Admin@Jeblaw.biz          ! Admitted in Bolivia Only
                                                                         Δ Member of the DC Federal Bar

May 17, 2005

**Via U.S. Mail**
Committee on Unauthorized Practice of Law
Moultrie Courthouse
500 Indiana Avenue N.W., Room 4200
Washington, D.C. 20001

Attention: Committee Chair, Anthony C. Epstein

Dear Sir:

I'm writing to ask that you confirm that my practice is in conformity with the Court of Appeals Rules concerning practice of law in the District of Columbia. I feel very confident after reading the Rule and Advisory Opinions that I am in full compliance; however, difficulties I have had within administrative hearings have prompted me to write this letter to ask for confirmation by the Committee on the Unauthorized Practice of Law ("Committee"). I have divided my question into three subparts to ensure that I'm addressing key elements, and so that I can address any specific question or issue. I would very much appreciate a written response.

I.    **Conformity with Court of Appeals Rule 49(c)(8)[1]:**

---

[1] "Limited Duration Supervision By D.C. Bar Member: Practicing law from a principal office located in the District of Columbia, while an active member in good standing of the highest court of a state or territory, under the direct supervision of an enrolled, active member of the District of Columbia Bar, for one period not to exceed 360 days from the commencement of such practice, during pendency of a person's first application for admission to the District of Columbia Bar; provided that the practitioner has submitted the application for admission within ninety (90) days of commencing practice in the District of Columbia, that the District of Columbia Bar member takes responsibility for the quality of the work and complaints concerning the services, that the practitioner or the District of Columbia Bar member gives notice to the public of the member's supervision and the practitioner's bar status, a[nd] that the practitioner is admitted pro hac vice to the extent he or she provides legal services in the c[ourts] of the District of Columbia." Rules of the District of Columbia Court of Appeals, Rule 49(c)(8) ([Jan.] 4, 2005).

◊ Of Counsel. Practicing pursuant to Rule 49 (c)(6) of the D.C. Court of Appeals.
° Admitted Only in Maryland and New Jersey; Supervision by James E. Brown, a member of the D.C. Bar. Rule 49(c)(8).

EXHIBIT 15

I am an attorney licensed in New Jersey and Maryland. During the last week of March this year I was employed by a D.C.- based law firm that specializes in Special Education law. On April 5, 2005, I submitted my first application for the District of Columbia Bar without examination by hand in order to "waive in" to the D.C. Bar and become a licensed member. While waiting for a decision, I have practiced in the District under Court of Appeals Rule 49(c)(8) which governs attorneys barred in other jurisdictions who are waiting a decision by the Committee of Admissions of the District of Columbia Bar.[2] My current practice is limited solely to matters before the District of Columbia Public Schools ("DCPS") Special Education Due Process Hearings and directly associated matters. I have had problems with some DCPS Hearing Officers regarding my status. I have submitted briefs and memos to them citing the rule and the applicable advisory opinions. However they had not allowed me to practice in whole or in part which has prompted me to write this letter asking for confirmation of my interpretation of the rule and opinions. My general question is whether my actions are in compliance with the rule, but as stated above I will break that into the three sub-issues of which I have had the most difficulty.

A.   *Pro Hac Vice Requirements*:

My reading of the rule and opinions is that I *only* must file *pro hac vice* when I provide legal services *before the courts* of the District of Columbia in conformance with Rule 49(c)(7). Specifically that this requirement only applies to the Court of Appeals and the Superior Court of the District of Columbia *and not to* administrative hearing or other non-D.C.-court tribunals. My understanding is therefore that in submitting filings and appearing at DCPS Special Education Due Process Hearings I am not compelled by this rule to file a motion pro hac vice, and that I am not subject to any 5 times/per year limitation to the number of cases I may handle in that tribunal forum.

I have not provided any legal services before any D.C. court, nor have I made a pro hac vice motion. Therefore my position has been that Rule 49(c)(8) allows for the general practice of law in administrative hearings with no restriction or requirement requiring pro hac vice motions or numerical limitations on my appearances. <u>Is this interpretation correct?</u>

B.   *Supervision By a Current Member of the D.C. Bar*:

I am currently supervised by James. E. Brown, a current member of the D.C. Bar who is my employer. I have read the advisory opinions and have discussed them with him

---

[2] During the first two weeks at my firm I was advised to practice pursuant to Rule 49(c)(5) as the DCPS Procedural Rules allow for a parent to be represented by attorneys or any other representation of their choosing. This appeared to satisfy the agency authorization requirement of Rule 49(c)(5), and another attorney at my firm received a letter from the Committee stating his identical practice was so authorized. By April 8th, I decided to rely on Rule 49(c)(8) as it provided more clearly defined elements and advisory opinions, and I have not claimed applicable coverage by Rule 49(c)(5) since then.

◊ *Of Counsel. Practicing pursuant to Rule 49 (c)(6) of the D.C. Court of Appeals.*

° *Admitted Only in Maryland and New Jersey; Supervision by James E. Brown, a member of the D.C. Bar. Rule 49(c)(8).*

to ensure compliance on both our parts. I ensure that full copies or originals of all letters, filings, faxes, hearing officer determinations, settlement, proposed settlements, faxes and any other written communications that I draft, distribute, submit or receive are immediately placed in the client's file so that my supervisor can review and comment on them and my performance as he requires. I bring my immediate concerns regarding procedure and case strategy to him in person and he provides me with guidance when I ask for it or when in his discretion he determines I need it.

He insisted that I observe hearings involving similar issues to my clients' that were handled by several different attorneys so that I would be exposed to the procedures and advocacy styles before I attended hearings as counsel. He also insisted that I regularly consult other firm attorneys and my wife (who has 3 years of special education law experience as an attorney) regarding strategy, client issues, legal interpretations, and best practices. I have met all these obligations. The cases I have handled involve primarily settlement or hearing officer determination violations of the opposing party, which my supervising attorney views as uncomplicated issues. He has been provided a resume with my experience and reviews my client cases to determine if he needs to be present with me at a hearing. He has not determined his presence was required to any of my hearings yet, but has told me he may choose to do so in the future, depending on the types of cases I handle. He has also provided me with an open addressed letter affirming his supervision and responsibility for my conduct which I have submitted to opposing counsel and hearing officers when they question notice of his supervision.

Nonetheless, some hearing officers have informed me that they expect to see him personally at the hearings I attend and that they expect him to sign the filings I submit in order to be in compliance with Rule 49(c)(8). It is my interpretation from reading Advisory Opinions 1-98 and 12-02 that I have met all the Rule's requirements, that it is within the reasonable discretion of my supervising attorney to decide if he needs to be present at a hearing and that he is not required to sign the filings I submit. <u>Is this interpretation correct?</u>

C:   *Notice to the Public of My Bar Status and Supervision:*

It is my understanding from reading Advisory Opinion 1-98 that the only notice required to sufficiently meet the requirements of the rule is to place "*Admitted Only in Maryland and New Jersey; Supervision by James E. Brown, a member of the D.C. Bar*" on all letterhead, business cards, promotional material, and filings. I have added this to the legend of my firm's letter head, I handwrite it on documents that I must sign but have not drafted and recently I have cited Rule 49(c)(8) as well to clearly indicate the authority which authorizes my practice. My supervising attorney has issued a letter which goes to the firm's older clients letting them know my status and supervision and inviting them to contact him or me to discuss any concerns. I orally explain my bar status and supervised condition to each new client and to clients who's cases I have been assigned.

---

◊ *Of Counsel. Practicing pursuant to Rule 49 (c)(6) of the D.C. Court of Appeals.*

° *Admitted Only in Maryland and New Jersey; Supervision by James E. Brown, a member of the D.C. Bar. Rule 49(c)(8).*

Nonetheless, a hearing officer has required in the past that I submit a signed and notarized letter from my client indicating that they have had my status explained to them and wish for me to continue to represent them. It is my understanding that my actions and those of my supervising attorney more than meet the requirements of notice to the public relating to Rule 49(c)(8).  <u>Is this interpretation correct?</u>

I have spoken informally to members of the Committee on Unauthorized Practice to confirm some of these interpretations but I would greatly appreciate a written response to my questions so I that I provide a definitive answer in the future; and so if any element of my conduct is not in the strictest conformity with the rule, I can immediately take steps to remedy the problem.

Thank you very much for your attention.

Sincerely,

Marshall M. Lammers

Enc:
1. Letter from James E. Brown affirming his supervision of and responsibility for my conduct.
2. Letter from the Committee on Admissions confirming receipt and processing of my application.

◊ *Of Counsel. Practicing pursuant to Rule 49 (c)(6) of the D.C. Court of Appeals.*

°*Admitted Only in Maryland and New Jersey; Supervision by James E. Brown, a member of the D.C. Bar. Rule 49(c)(8).*