## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| BRIDGET AGAPITO, for | : |
| H.A., a minor, et al., | : |
| | : |
| **Plaintiffs,** | : |
| | : |
| v. | :   **Civ. Action No. 05-1935 (RMC)** |
| | : |
| DISTRICT OF COLUMBIA, et al., | : |
| | : |
| **Defendants.** | : |
| | : |

_____

### DEFENDANTS' CROSS MOTION  FOR SUMMARY JUDGMENT

The Defendants, by counsel and pursuant to Fed. R. Civ. P. 56 and LCvR 56.1, respectfully move for summary judgment in the captioned proceeding.

A memorandum of points and authorities, a statement of material facts as to which there are no genuine issues in dispute, and a proposed order are attached hereto.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District
 of Columbia

GEORGE C. VALENTINE
 Deputy Attorney General
 Civil Litigation Division

/s/ Edward P. Taptich_____
EDWARD P. TAPTICH [012914]
Chief, Equity Section II

/s/ Carol E. Burroughs _____
CAROL E. BURROUGHS [415432]
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651
June 30, 2006                              carol.burroughs@dc.gov

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT</u>

### <u>Table of Contents</u>                          <u>Page</u>

I.   The Standards for Judging Summary Judgment Motions                        6

II.  Claims Based on 42 U.S.C. §1983 and Section 504                           7
     of the Rehabilitation Act Should be Dismissed.

     A.   To the extent the complaint asserts rights under Section 1983,       7
          Plaintiffs have failed to state a claim for which relief can be granted.

     B.   Plaintiffs do not have a claim under Section 504 of the Rehabilitation Act.   9

II.  As to Eight of the Claims, the Plaintiffs Were Not Prevailing Parties,    10
     and Thus Are Not Entitled to Fee Reimbursement Under IDEA.

     A.  In three instances, the administrative determination relied on itself belies a   11
         prevailing party claim.

     B.  In five instances involving settlements, the                          11
         particular plaintiffs are plainly not prevailing parties.

III. Plaintiffs' Counsel, Not Barred in the District of                        13
     Columbia, Are Not Entitled to Attorneys' Fees.

     A.  Court Rules require membership in the D.C. Bar as a                     13
         prerequisite for providing legal services in the District.

     B.  Exceptions to the Court Rules Requiring                                14
         D.C. Bar Membership Do Not Apply Here.

     C.  Attorneys who engage in the unauthorized                              16
         practice of law have no right to attorneys' fees.

IV.  Even if the Plaintiffs are Deemed Prevailing Parties, and                  17
     Their Counsel's Bar Status Not Deemed Disqualifying,
     the Plaintiffs Are Not Entitled to the Amounts Claimed.

     A.  The standards of review applicable to IDEA fee requests.               17

     B.  Claims for IEP meetings and related activities are barred as a matter of law.  18

     C.   The Plaintiffs have failed to demonstrate the                         19
          reasonableness of many charges.

1. The Plaintiffs have failed to justify
the reasonableness of any hourly rates.                                      19

2. All of the attorney invoices at issue include unreasonable charges.    20

   a.    In some cases, the charges are plainly wrong.                      20

   b.    Time remote from the administrative                                20
         hearings should be disallowed.

   c.    Charges for establishing retainer                                  21
         arrangements should not be allowed.

   d.    Duplication of personnel charges – particularly "double            21
         teaming" at administrative hearings – should be disallowed.

   e.    Many invoices include vague and inadequate                         22
         descriptions of attorney activities.

V.    Payment of Any Fee Awards is Subject to Statutory Fee Cap Limitations.    24

CONCLUSION                                                                  25

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| **BRIDGET AGAPITO, for** | : | |
| **H.A., a minor, et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **Civ. Action No. 05-1935 (RMC)** |
| | : | |
| **DISTRICT OF COLUMBIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

_____ :

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' CROSS MOTION  FOR SUMMARY JUDGMENT

On September 30, 2005, the 54 named Plaintiffs[1] filed the captioned complaint, seeking reimbursement of attorneys' fees and costs incurred by them under the Individuals With Disabilities Education Act, 20 U.S.C. §§1400 et seq. ("IDEA"), as to administrative proceedings in which the plaintiffs claim to have been prevailing parties. The complaint asserts, among other things, that invoices for each of the individual plaintiff's proceedings were submitted to the District of Columbia Public Schools ("DCPS") for payment, but that DCPS improperly refused payment – primarily because Plaintiffs' counsel were not members of the District of Columbia Bar.

For the reasons set forth below, the Defendants submit that the complaint is facially deficient in certain respects, and that summary judgment for the Defendants on the substance of the complaint is required.

_____

[1] The named plaintiffs should have been the parents of the minor children rather than the children themselves, who should be identified only by initials.

## ARGUMENT

### I.    The Standards for Judging Summary Judgment Motions.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247 (1986); see also *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C.Cir. 1995).  Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986).

The ruling on a motion for summary judgment, the Court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true.  *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position.  *Id*. at 252.  In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 6721, 675 (D.C.Cir. 1999).  Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Id*.  If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

## II.    Claims Based on 42 U.S.C. §1983 and Section 504 of the Rehabilitation Act Should be Dismissed.

In the jurisdictional recitation of the Complaint (¶2), Plaintiffs cite 42 U.S.C. §1983 et seq. and 29 U.S.C. §794 ("Section 504" of the Rehabilitation Act).  As explained below, there is no legal basis for Plaintiffs' jurisdictional claims under either of those statutes.  Therefore, all claims based on those statutory provisions should be dismissed.

### A.    To the extent the complaint asserts rights under Section 1983, Plaintiffs have failed to state a claim for which relief can be granted.

Plaintiffs' assertion of jurisdiction under 42 U.S.C. §1983, and Plaintiffs' seeming claims for relief under that statute, are plainly in error.  42 U.S.C.§1983 states:

> Every person, who under color of a statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceedings for redress.

In any Section 1983 action against a municipality such as the District of Columbia, the burden is on the plaintiffs to establish that the municipality has a custom or practice that caused the alleged constitutional or statutory violation.  See, e.g., Monell v. Dep't of Social Services of the City of New York, 436 U.S. 658, 694 (1978); Daskalea v. District of Columbia, 227 F.3d 433, 441 (D.C. Cir. 2000).

The complaint here is facially deficient to state a claim under §1983.  The Court in Walker v. District of Columbia, 157 F. Supp. 2d 11 (D.D.C. 2001), adopted a four part test for the adequacy of a complaint's setting forth a valid Section 1983 claim based on an asserted IDEA violation:

(1) plaintiffs must prove by a preponderance of the evidence that DCPS violated

> one or more specific provisions of the IDEA; (2) plaintiffs must prove that
> exceptional circumstances exist, such that the conduct of DCPS that caused the
> IDEA violations was persistently egregious and prevented or frustrated [plaintiffs]
> from securing equitable relief under the IDEA; (3) . . . plaintiffs [must] establish
> that the District of Columbia has a custom or practice that is the moving force
> behind the IDEA violations; (4) plaintiffs must show why the normal remedies
> offered under the IDEA, and specifically compensatory education, are inadequate
> to compensate for the harm . . . suffered.

157 F. Supp. 2d at 30 (citations omitted).  See also Jackson v. District of Columbia, Civ. No.

02-0968 (D.D.C. September 21, 2003), where the Court, while observing that "the threshold

to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is quite low," nonetheless

dismissed any claims under Section 1983 in the absence of complaint allegations relating to

three of the four elements of a violation of the statute. Slip op. at 10.  The Jackson Court

also observed that "[n]othing in plaintiffs' Complaint, other than the invocation of Section

1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the

District of Columbia." Id.  See also Lavon Savoy-Kelly v. Eastern High School, Civ. No.

04-1751 (D.D.C. April 14, 2006), slip op. at 10;  R.S. v. District of Columbia, 292 F. Supp.

2d 23 (D.D.C. 2003).

In this case, the complaint contains no allegations sufficient, even if accepted, to

establish a Section 1983 violation.  Indeed, to the extent a Section 1983 claim here must be

based on a violation of some right to attorneys' fees under IDEA, no such claim could

properly be advanced at this point.  20 U.S.C. §1415(i)(3)(B) vests *courts* with authority to

award attorneys' fees, and the Plaintiffs are here seeking such an award.  The statute does

require *DCPS* to pay fees before a court award (although as a matter of policy and practice it

typically does so).  DCPS has not interfered with Plaintiffs' exercise of their IDEA right to

petition this Court for an award of fees – nor could it.

The only arguable violation of the IDEA fee provision might occur if a court were to find that Plaintiffs are prevailing parties, award attorney's fees *and Defendants failed to make proper payment on that award.* Since none of those events has occurred here, Plaintiffs plainly cannot satisfy the first prong of <u>Walker</u>—a violation of a provision of IDEA. Plaintiffs' 1983 claim must fail on that basis alone. [2]

**B.   Plaintiffs do not have a claim under
         Section 504 of the Rehabilitation Act.**

Complaints arising under IDEA that also assert jurisdiction based on Section 504 of the Rehabilitation Act should be summarily dismissed as a matter of law. First, that statute —intended to bar employment discrimination against handicapped individuals under Federally financed programs, e.g., <u>Consolidate Rail Corp. v. Darrone</u>, 465 U.S. 624, 626 (1984) — is wholly irrelevant here. The complaint does not assert that any discriminatory employment claims are involved in this action. To the extent the complaint may be limited to administrative activities relating to "a free appropriate education" under IDEA, the Supreme Court long ago made clear that IDEA supplanted any rights and remedies in that regard which may earlier have been found in the Rehabilitation Act. Speaking of the Education of the Handicapped Act ("EHA") – IDEA's predecessor – the Court in <u>Smith v. Robinson</u>, 468 U.S. 992, 1019 (1974) stated:

---

[2]   It should be noted that the "right to reasonable attorney's fees" under IDEA is not an absolute right to fees in any event. The statute conferring this "right" is couched in precatory terms, providing that a court, in its discretion, may award reasonable attorneys fees. 20 U.S.C. §1415(i)(3)(B). The Supreme Court has held that when determining whether a particular statutory provision gives rise to a right enforceable under Section 1983, "the statute must [inter alia] unambiguously impose a binding obligation . . . . In other words, the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms." <u>Blessing v. Firesone</u>, 520 U.S. 329, 340 (1997). Thus, the "right to reasonable attorneys' fees" under the IDEA is not a right enforceable through Section 1983. <u>See also</u> <u>Kaseman v. District of Columbia</u>, 329 F.Supp. 2d 20, 29 (D.D.C. 2004), *rev'd on other grounds,* <u>Kaseman v. District of Columbia</u>, 444 F.3d 637 (D.C. Cir. 2006)(IDEA attorneys fees provision is couched in "precatory terms," and it "cannot be argued that DCPS has violated a right within the meaning of Section 1983 by failing to fully and timely reimburse plaintiffs for the fees incurred during administrative proceedings.")

> [T]here is no doubt that the remedies, rights and procedures Congress set out in the EHA are the ones it intended to apply to a handicapped child's claim to a free appropriate public education. We are satisfied that Congress did not intend a handicapped child to be able to circumvent the requirements or supplement the remedies of the EHA by resort to the general antidiscrimination provision of [29 U.S.C. §794].

Even if Section 504 were deemed relevant, to state a claim under that statute, Plaintiffs must at least claim that the student was discriminated against "solely by reason of his handicap." 29 U.S.C. §794. See also Lavon Savoy-Kelly v. Eastern High School, Civ. No. 04-1751 (D.D.C. April 14, 2006), slip op. at 9 (citing R.S. v. District of Columbia, 292 F. Supp. 2d 23, 28 (D.D.C. 2003)). To show such a violation of the Rehabilitation Act in the context of IDEA, Plaintiffs must demonstrate "something more than a mere failure to provide the "free and appropriate education" required by IDEA. Lunceford v. District of Columbia Board of Ed., 745 F. 2d 1577, 1580 (D.C. Cir. 1984) (quoting Monahan v. Nebraska, 687 F.2d at 1170-71 (8th Cir. 1982)). Moreover, Plaintiffs must show "[e]ither bad faith or gross misjudgment…before a Section 504 violation can be made out…" Monahan, 687 F. 2d at 1170-71 (liability will not be imposed as long as the "state officials have exercised professional judgment, in such a way as not to depart grossly from accepted standards among educational professionals").

Here, Plaintiffs' complaint makes no mention of either bad faith or gross misjudgment. However, even if Section 504 of the Rehabilitation Act were deemed applicable, Plaintiffs' complaint, which fails to assert any facts or arguments whatsoever to establish a claim under the Rehabilitation Act, must be dismissed. See Lavon Savoy-Kelly v. Eastern High School, supra, slip op. at 10.

**II.      As to Eight of the Claims, the Plaintiffs Were Not Prevailing Parties, and Thus Are Not Entitled to Fee Reimbursement Under IDEA.**

With respect to attorneys' fees, 20 U.S.C. §1415(i)(3)(B) provides, in relevant part, that "[i]n any action or proceeding brought under this section, the court, in its discretion may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." Thus, the statute permits an award of reasonable attorneys' fees to parents who are "prevailing parties" in "any action or proceeding brought" under IDEA.

### A.    In three instances, the administrative determination relied on itself belies a prevailing party claim.

As to three of the plaintiff claims here, the decisional document relied on to establish prevailing party status under IDEA confirms just the opposite. Specifically:

(1)    In the Skrine claim (Complaint Ex. 39), the Hearing Officer found that "there was no denial of FAPE" and that "DCPS [was] the prevailing party."

(2)    In the Smith claim (Complaint Ex. 40), the Hearing Officer found "there was no denial of FAPE" therefore plaintiff was not the prevailing party.

(3)    In the Hayes claim (Complaint Ex. 22), the HOD recited some agreements by the parties in the Summary portion of the HOD but then stated that the "case will be continued to a mutually agreeable date and time. In this regard, the parties will engage in a telephone conference call on April 30, 2005 at 3:00 p.m. or such other mutually agreeable date and time, to discuss a date for reconvening the Hearing." This is not a final order; nor is plaintiff a "prevailing party."

In none of these instances is the particular plaintiff a prevailing party entitled to attorneys' fees.

### B.    In five instances involving settlements, the particular plaintiffs are plainly not prevailing parties.

As a matter of law, five plaintiffs who terminated the administrative DCPS processes by a settlement agreement are not "prevailing parties" within the meaning of IDEA as a matter of law. In <u>Buckhannon Board and Care Home, Inc. v. West Virginia</u>

Department of Health and Human Resources, 532 U.S. 598 (2001), the Supreme Court ruled that statutory provisions allowing the award of attorneys' fees to "prevailing parties" do *not* apply where litigation has been terminated by agreement of the parties, and those settlement agreements have not received a "judicial imprimatur."  In this jurisdiction, the Buckhannon holding was squarely applied to IDEA settlements by the Circuit Court in Alegria v. District of Columbia, 391 F.3d 262 (D.C. Cir. 2004).

In Abraham v. District of Columbia,  338 F.Supp.2d 113, 120 (D.D.C., 2004), this Court held that, unless administrative hearing officers embodied and ordered settlement provisions in their decisions, prevailing party status was not conveyed:

> It would be insufficient for an HOD *merely to mention the existence of a settlement agreement* or to dismiss the claim as moot due to settlement. For an IDEA claimant to be a "prevailing party," the HOD must *order* DCPS to undertake or refrain from some conduct consistent with that statute. [Emphasis added.]

Just such circumstances occurred with respect to five of the plaintiffs here.  Specifically:

(1) In the Jackson claim (Complaint Ex. 27), the HOD indicates that when the hearing officer "called the hearing to order the parties announced they had settled."  There is a settlement agreement recitation in the HOD, but it is **not** incorporated into an Order.

(2) In the Mason claim (Complaint Ex. 30), the HOD states that "the parties settled."  There is again a settlement agreement recitation in the HOD, but it is **not** incorporated into an Order.

(3) In the Wade claim (Complaint Ex. 45), the Hearing Officer stated that "no testimony was taken because the parties settled."  He also found that "substantial issues presented by the Hearing Request have been timely resolved."  Therefore, plaintiff was not a prevailing party.

(4) In the Weaver claim (Complaint Ex. 47), the HOD indicates that when he called the hearing to order, "the parties announced that they had settled." The settlement was referred to in the HOD but was not ordered by the Hearing Officer.

(5) In the Williams claim (Complaint Ex. 49), the Hearing Officer indicates that

> "the parties settled." There is a recitation of the settlement agreement in the HOD but not as ordered relief.

Under the clear ruling in <u>Abraham</u>, none of these plaintiffs is a prevailing party entitled to attorneys' fees under IDEA.

**III.    Plaintiffs' Counsel, Not Barred in the District of <u>Columbia, Are Not Entitled to Attorneys' Fees.</u>**

As reflected in the complaint, this action involves DCPS' refusal to reimburse the Plaintiffs for attorneys' fees for administrative IDEA proceedings because the particular attorneys providing such services were not members of the D.C. Bar during the period when the services at issue were provided. Invoices by Plaintiffs' counsel appear to have been presented to DCPS during the period April - July, 2005, for services rendered during 2004 and 2005.

The particular attorneys involved were and Domiento Hill, Brenda McAllister, Christopher West and Marshall Lammers (hereinafter "Brown Attorneys"). All are members of James E. Brown & Associates, a firm that appears exclusively devoted to IDEA administrative litigation and related support functions.

**A.    Court Rules require membership in the D.C. Bar as a <u>prerequisite for providing legal services in the District.</u>**

The District of Columbia Court of Appeals "has the 'inherent and exclusive authority to define and regulate the practice of law in the District of Columbia.'" <u>Banks v. District of Columbia Dep't of Consumer & Regulatory Affairs</u>, (D.C. 1993)(quoting <u>Brookens v. Committee on Unauthorized Practice of Law,</u> 538 A.2d 1120, 1125 (D.C. 1988), and citing D.C. Code § 11-2501 et seq.). Rule 49(a) of that Court states:

> No person shall engage in the practice of law in the District of Columbia or in any manner hold out as authorized or competent to practice law in the District of Columbia unless enrolled as an active member of the District of Columbia Bar,

except as otherwise permitted by these rules.[3]

It is undisputed that none of Brown Attorneys was a member of the D.C. Bar during the period in question. (See PMSJ p. 3 and PSMF, ¶2)  To that extent, their appearance in DCPS administrative hearing proceedings was inconsistent with the prohibition of Rule 49(a).

### B.    Exceptions to the Court Rules Requiring D.C. Bar Membership Do Not Apply Here.

While the Plaintiffs contend that, for the time period involved, the Brown Attorneys fell within the exceptions of subsections (c)(5) or (c)(8), neither exception was applicable.

Rule 40(c)(5) provides, in relevant part, as follows:

(c)   Exceptions.  The following activity in the District of Columbia is excepted from the prohibitions of section (a) of this Rule, provided the person is not otherwise engaged in the practiced of law or holding out as authorized or competent to practice law in the District of Columbia:
. . . .

(5)  . . . . Providing legal services to members of the public solely before a department or agency of the District of Columbia government, where:
(A) Such representation is confined to appearances in proceedings before tribunals of that department or agency and other conduct reasonably ancillary to such proceedings; [and]

---

[3] D.C. App. Rule 49(b)(2) defines the "practice of law" as

. . . the provision of professional legal advice or services where there is a client relationship of trust or reliance.  One is presumed to be engaged in the practice of law when engaging in any of the following conduct on behalf of another:
   (A)   Preparing any legal document . . . ;
   (B)   Preparing or expressing legal opinions;
   (C)   Appearing or acting as an attorney in any tribunal;
   (D)   Preparing any claims, demands or pleadings of any kind, or any
          written documents containing legal argument or interpretation of law,
          for filing in any court administrative agency or other tribunal;
   (E)   Providing advice or counsel as to how any of the activities described
          in subparagraph (a) through (d) might be done, or whether they were done, in
          accordance with applicable law;
   (F)   Furnishing an attorney or attorneys, or other persons, to render the
          services described in subparagraphs (A) through (E) above.

> (B) Such representation is authorized by statute or the department
> or agency has authorized it by rule and undertaken to regulate it;
>       . . . .[4]

In an April 28, 2005, letter to DCPS' General Counsel (PMSJ Ex. 11), the District of

Columbia Court of Appeals Committee on Unauthorized Practice of Law opined that,

based on its understanding

> . . . that DCPS does not authorize the appearance of non-D.C. bar attorneys before
> its tribunals and that DCPS does not undertake to regulate the practice of persons
> who appear in proceedings before it[,] . . . pursuant to Rule 49, attorneys who are
> not admitted to the D.C. Bar may not engage in the practice of law in
> administrative hearings before DCPS. . . .

Thus, the Rule 49(c)(5) exception requires, among other things, that an appearance by

attorneys not barred in the District must be authorized by statute or by rule by that

agency.  Because there is no statute providing non-D.C. attorneys the right to provide

legal services to members of the public before DCPS, and since DCPS has not authorized

it by rule, the Rule 49(c)(5) is plainly inapplicable here.

The Rule 49(c)(8)[5] exception is even more clearly inapplicable.  That exception

> . . . is designed to provide a one-time grace period within which attorneys
> admitted in other jurisdictions who come to practice law in the District of

---

[4] The Committee Commentary to Section 49(c)(5) states:
> Section (c)(5) is new.  The former rule did not contain an exception for private practice before
> District of Columbia for a similar to the exception set forth for practice before departments or
> agencies of the US.  In recognition, however, that the same considerations may exist for allowing
> persons not authorized as lawyers to represent members of the public before some District of
> Columbia for a, as exist before some federal agencies, this provision has been added.  Like the
> federal agency provision, this exception requires satisfaction of all three enumerated conditions.

[5]     Limited Duration Supervision by D.C. Bar Member:  Practicing law from a principal office
> located in the District of Columbia, while an active member in good standing of the highest court
> of a state or territory, under the direct supervision of an enrolled, active member of the District of
> Columbia Far, for one period not to exceed 360 days from the commencement of such practice,
> during the pendency of a person's first application for admission to the District of Columbia Bar;
> provided that the practitioner has submitted the application for admission within ninety (90) days
> of commencing practice in the District of Columbia that the District of Columbia 68 Bar member
> takes responsibility for the quality of the work and complaints concerning the services, that the
> practitioner or the District of Columbia Bar member gives notice to the public of the member's
> supervision and the practitioner's bar status, and that the practitioner is admitted pro had vice to
> the extent he or she provides legal services in the courts of the District of Columbia.

Columbia as their principal office may continue to practice law under the active supervision of a member of the District of Columbia Bar, while they promptly pursue admission to the Bar.  This section is intended, conversely, to make it clear that a person admitted to the bar of another jurisdiction may not come to th4e District of Columbia and practice law under the supervision of a member of the Bar indefinitely while waiting for the period of admission on waiver to be satisfied.

D.C. App. Rules, Commentary to §49(c)(8).  Not only did the Brown Attorneys not satisfy any of the specifics of the exception concerning the duration of their non-barred practice, there was not even a creditable pretense of their being under the "direct supervision" of a D.C. Bar member.  They prepared documents, signed them, appeared before hearing officers, represented Plaintiffs at hearing, signed settlement agreements, and provided legal advice without the direct supervision of any attorney. (See Complaint Ex. 9,11, 23, 48).  In many instances, the HODs themselves showed these attorneys to have appeared and participated in hearing proceedings by themselves. (See Complaint Ex. 31, 42, 64, 68, 73, 74)

## C.    Attorneys who engage in the unauthorized practice of law have no right to attorneys' fees.

20 U.S.C. §1415(i)(3)(B) provides for the "award [of] reasonable attorneys' fees." It cannot defensibly be contended that "attorneys' fees" within the meaning of IDEA contemplated awards or payments to those engaged in the unauthorized practice of law. Stated differently, the "attorneys" in IDEA's reference to "attorneys' fees" can only be construed as describing those providing legal services in accordance with governing local requirements applicable to attorneys.  To interpret the statute otherwise would be to assume that Congress intended to permit the reward of unauthorized conduct.

The Brown Attorneys admittedly were not members of the Bar in the District of Columbia during the period for which fee reimbursement is being requested here, and did not fit within the claimed Rule 49 exceptions. Accordingly, they should be disqualified from collecting fees for their activities during that period, and DCPS refusal to do otherwise was eminently reasonable.

**IV.     Even if the Plaintiffs are Deemed Prevailing Parties, and Their Counsel's Bar Status Not Deemed Disqualifying, the Plaintiffs Are Not Entitled to the Amounts Claimed.**

Attached to the complaint are, among other things, invoices for legal services for legal representation in 54 different administrative proceedings. Based on the content of those invoices, the Court is requested to award a total of some $463,714.83 in attorneys' fees and costs. For the reasons set forth above, the Defendants believe no award is appropriate. However, should the Court decline the Defendants' positions in all such respects, the Defendants below set forth their objections to the amounts requested by the Plaintiffs. The discussion that follows addresses the general categories of objections common to many of the invoices; appended hereto as Attachment 1 is a claim-by-claim, invoice-by-invoice application of the objections discussed below.

**A.     The standards of review applicable to IDEA fee requests.**

It is well settled that plaintiffs bear the burden of establishing all elements of a requested fee award under the Individuals With Disabilities Education Act, 20 U.S.C. §1400 et seq.("IDEA"), including an entitlement to the award, the documentation of appropriate hours and justifying the reasonableness of the rates. See Blum v. Stenson, 465 U.S. 866, 896 n. 11 (1984); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Covington v. District of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995), cert. denied,

516 U.S. 1115 (1996); <u>Smith v. District of Columbia</u>, Civ. No. 02-0373 (D.D.C. June 24,

2003), Mem. Op. at pp. 8-9. "The prevailing party shoulders the burden to provide the

Court with sufficient evidence to justify its request." <u>Smith v. Roher</u>, 954 F.Supp. 359,

365 (D.D.C. 1997) (citing <u>In re North</u>, 303 U.S.App.D.C. 443, 8 F.3rd 852 (1993)).  That

these requirements are clear and current in this jurisdiction, witness <u>Role Models</u>

<u>America, Inc. v. Brownlee</u>, 353 F.3d 962, 970-974 (D.C.Cir. 2004).

"Supporting documentation 'must be of sufficient detail and probative value to

enable the court to determine with a high degree of certainty that such hours were

actually and reasonably expended . . ." <u>Id.,</u> 353 F.3d at 970 (citing <u>In re Olson</u>, 884 F.2d

1415, 1428 (D.C.Cir. 1989).   And the Court must exclude from the fee award any hours

that were not "reasonably expended." <u>Smith v. Roher</u>, supra, 954 F. Supp. at 365 (citing

<u>Hensley v. Eckerhart</u>, <u>supra</u>, 461 U.S. at 434)); <u>Role Models</u>, <u>supra</u>, 353 F.3d at 973-74.

Applying those standards here, most of the claims here must be substantially

reduced.

**B**.    **Claims for IEP meetings and related**
          **activities are barred as a matter of law.**

As a preliminary matter, it should be noted that many of the Plaintiffs' claims

here are barred as a matter of law.  The invoices submitted, for example, include charges

for IEP meetings and related activities.  See, e.g., Complaint Ex. 1, 3, 5, 9, 11, 14, 18, 19,

24, 25, 27, 28, 29, 32, 33, 37, 39, 40, 41, 42, 49.  Indeed, the total amount claimed for

such activities exceeds $25,000.

However, IDEA specifically bars reimbursement for attorneys' fees relating to

IEP meetings.  As stated in <u>Bradley v. District of Columbia</u>, Civ. No. 99-3188 (D.D.C.

October 9, 2001), slip op. at 16, for example:

> The Court will also disallow attorneys' fees relating to any meeting of the IEP team . . . and fees attributable to counsel's attendance at an "intake interview" at Chelsea School . . . . See 20 U.S.C. Section 1415(D)(ii)("[a]ttorneys' fees may not be awarded relating any meeting of the IEP Team. . . .").

And see <u>Leslie E. v. Bethlehem Central Sch. Dist.</u>, 652 N.Y.S.2d 891 (N.Y.Sup.Ct.

1997). See also <u>Kletzelman v. Capistrano Unified Sch. Dist.</u>, 91 F.3d 68 (9th Cir. 1995)

Accordingly, all such time charges must be disallowed.

**C.  The Plaintiffs have failed to demonstrate the**
**<u>reasonableness of many charges</u>.**

**1.    The Plaintiffs have failed to justify**
**<u>the reasonableness of any hourly rates</u>.**

The reasonableness of attorneys' fees is arrived at by considering the

qualifications of the persons for whose activities reimbursement is sought, the hourly

rates charged for those individuals, and the amount of time devoted to a particular

activity.  See, e.g., <u>Nationall Ass'n of Concerned Veterans v. Secretary of Defense</u>, 675

F.2d 1319 (D.C. Cir. 1982); <u>Cobell v. Norton</u>, 231 F.Supp.2d 295, 300 (D.D.C. 2002);

<u>Blackman v. District of Columbia</u>, 59 F.Supp.2d 37, 42 (D.D.C. 1999).  As stated in <u>Role</u>

<u>Models</u>, <u>supra</u>, 353 F.3d at 968, "we consider first the hourly rates."

The record remains devoid of *any* information concerning the qualifications or

experience of *any* of the individuals said to have provided services for which an award is

sought.  All that is before the Court is a single sheet accompanying each invoice request

to DCPS, which only identifies to named individuals initials used on the invoices.    The

Plaintiffs have provided the Court *no* information concerning those individuals'

qualifications on the basis of which a determination of reasonableness can be made.

2.    **All of the attorney invoices at issue include unreasonable charges.**

In Attachment 1 hereto, the Defendants have set out, as to each plaintiff's claim, the principal objections to specific time charges in the related attorney invoice(s).  The objections generally described below are related in Attachment 1 to specific time entries on each attorney invoice.

a.    **In some cases, the charges are plainly wrong.**

In at least two instances, the invoices are obviously mistaken.  In Compl. Exhibit 46, for example, the invoice submitted is for services beginning in *January 2005*, while the administrative decision justifying those charges was issued in *March of 2004*. Similarly, in Complaint. Ex. 35, time is entered for "hearing preparation" two months before the administrative hearing request was even filed.

All such charges must be disallowed.

b.    **Time remote from the administrative hearings should be disallowed.**

Many of the invoices include time charges for activities remote from the due process hearings involved – in many cases more than 10 months earlier – with no demonstrated connection to hearing representation -- are also pointed out.  See Complaint Ex. 6, 17, 20, 21, 24, 26, 29,30, 31, 33, 41, 44, 47, 48, 49, 51, 54.

Courts in this jurisdiction have held that where there is no explanation as to why charges predate the administrative hearing by several months, those fees may be reduced. See Czarniewy v. District of Columbia, Civ. No. 02-1496 (D.D.C. March 25, 2005), slip. Op. at p. 7; Smith v. District of Columbia, Civ. No. 02-0373 (D.D.C. June 24, 2003), slip op. at p. 11, aff'd D.C.Cir. No. 03-7130 (December 3, 2004).

c.     **Charges for establishing retainer
arrangements should not be allowed**.

Entries appear on counsel's invoices which relate to pre-representation activities.

e.g., Complaint Ex. 4, 5, 7, 13, 27, 34, 36, 45.  Such time is not appropriate for

reimbursement.  E.g., Role Models America, Inc. v. Brownlee, 353 F.3d 962, 973

(D.C.Cir. 2004) ("The government should not have to pay for administrative matters

relating to the formal relationship between [plaintiffs] and its attorneys").

d.     **Duplication of personnel charges – particularly "double
teaming" at administrative hearings – should be disallowed**.

In many instances, unjustified duplication of attorneys' time appears in the

invoices – particularly in attending due process hearings. Complaint Ex. 11, 14, 15, 20,

21, 25, 28, 32, 37, 39, 40, 41, 42, 43, 51, 52.  Those charges are inappropriate and should

be disallowed.  See, e.g., Smith v. Roher, supra, 954 F.Supp. at 366, 367 (two attorneys

should not do work that requires only one).  See also In re Olson, supra, 884 F.2d at 1429

("[w]hile certain matters may be so complicated that the presence/participation of two

partners at a hearing is justified, the defendants have not so contended here").  See also

Evans v. Port Auth. of New York and New Jersey, 273 F.3d 346, 362 (3d Cir.

2001)(district court erred in awarding all fees of two partners when billing records for the

two were essentially identical, and the case was not so large or complex as to justify full

participation of both attorneys);  Lanni v. New Jersey, 259 F.3d 146, 151 (3d Cir.

2001)(given primary counsel's professed expertise in area, district court did not abuse its

discretion in excluding all hours of second attorney who worked on case); Luciano v.

Olsten Corp., 109 F.3d 111, 116-17 (2d Cir. 1997) (elimination of certain hours worked

by second attorney proper when attorney questioned only one minor witness and had no

other meaningful participation in trial).

### e. Many invoices include vague and inadequate descriptions of attorney activities.

Activity descriptions in many of the invoices are vague and insufficiently detailed. e.g., Complaint Ex. 4, 5, 12, 16, 20, 23, 25, 26.  In this regard, the Court of Appeals has consistently required "that fee applications include contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work with supporting documents, if any." In re Donovan, 278 U.S.App.D.C. 194, 877 F.2d 982, 994 (1989).   Such descriptions as "conference re all aspects" or "call re status" were there found not "to provide the court with any basis 'to determine with a high degree of certainty' that the hours billed were reasonable." Id. at 995.  See also Role Models America, Inc. v. Brownlee, 353 F.3d 962, 971-72 (D.C.Cir. 2004)(charges for generalized "review," research and writing" disallowed).  The same sentiment was expressed in State of Michigan v. Environmental Protection Agency, 254 F.3d. 1087, 1093-94 (D.C.Cir. 2001):

> . . . [T]he billing documents are replete with instances of inadequately detailed descriptions. [n.1]  There are, in particular, numerous entries concerning meetings and conferences that, although they include information concerning the identities of the individuals involved, are nevertheless devoid of any descriptive rationale for their occurrence.

> _____

> [n.1] See, for example, time entries for 1/13/99 ("Telephone conference with client; conference with J. Knight"); 1/14/99 ("conference with J. Knight; review record"); 1/15/99 ("Review materials; conference with J. Knight; telephone conference with A. Field"); 1/17/99 ("Review record; meet with J. Knight"); 1/18/99 ("Review of record documents; meet with W. Pedersen"); 1/19/99 ("fax to J. Dreskin"); 2/8/99 ("telephone conference with J. Dreskin"); 2/9/99 ("telephone conference with P. Lacy and J. Dreskin"); 2/12/99 ("confer with J. Knight"); [etc.]

W.B. v. The Weston Board of Educ., 34 F.Supp.2d 777, 781 (D.Ct. 1999), similarly rejected as insufficient such cryptic invoice entries:

> Entries stating such vague references as "review of file", "review of correspondence", "research", "conference with client", and "preparation of brief" do not provide an adequate basis upon which to evaluate the reasonableness of the services and hours expended on a given matter.  See, Connecticut Hospital Ass'n v. O'Neill, 891 F.Supp 687, 691 (D. Conn. 1984); Ragin v. Harry Macklowe Real Estate Co., 870 F.Supp. 510 (S.D.N.Y. 1994); Orshan v. Macchiarola, 629 F.Supp. 1014 (E.D.N.Y. 1986). . . .  In order to survive a dispute about the sufficiency of time entries, the time records should include a reference line to describe adequately the subject of the work performed.  Smart SMR, 9 F.Supp.2d at 153, citing Wilder v. Bernstein, 975 F.Supp. 276, 286 (S.D.N.Y. 1997).

The entries challenged here are precisely the types of unacceptably vague references consistently rejected by the courts as inadequate to support a determination of reasonableness.  E.g., Michigan v. Environmental Protection Agency, supra; In re Donovan, supra.  If not rejected outright here, such claims cannot justify an award by way of summary judgment.  In noting the absence of any substantive explanation for the kinds of vague invoice descriptions challenged here, the Court observed:

> [Counsel] did not expressly address [unexplained charges for "file review" one month before any further activity].  To the extent a response can be found, it appears to be that they would contend that the plaintiff's objections constitute "nitpicking" and an "impermissible effort[] to second-guess [counsel's] legal strategy," . . . or a challenge to matters that constitute the routine practice of law. . . . [Counsel] apparently have not recognized that they carry the burden to justify the fees they seek.  Where, as here, the source of the money is the public fisc, the Court scrutinizes the billing records very closely.

Smith v. Roher, supra, 954 F.Supp. 359, 366 n. 8.

       *       *       *       *       *       *       *       *       *       *       *

As set out in Attachment 1 hereto, the invoices at issue here reflect significant and substantial deficiencies.  On a one-by-one analysis, the necessary reductions may be

arrived at by striking the claims identified in Attachment 1, and applying an appropriate reduction for any amounts attributable to the generalized entries.

Alternatively, where fee records are found to be inadequate to permit an hour-by-hour analysis, courts have often made a percentage reduction of the hours.  E.g., Michigan v. Environmental Protection Agency, supra, 254 F.3d at 1093-95 (after discounting or disallowing hours for inadequate documentation, an additional 10 percent deducted); United Phosphorus, Ltd. v. Midland Fumigant, Ind., 205 F.3d 1219, 1233 (10trh Cir. 2000) (reduction of 35 percent of all hours requested affirmed where records submitted were insufficient); Tennessee Gas Pipeline Co. v. 104 Acres of Land, 32 F.2d 632 (1st Cir. 1994)(affirming district court reduction of requested fees by 30 percent where time sheets were not sufficiently detailed to permit adequate review of the fee request); In re North, 12 F.3d 252 (D.C.Cir 1994) (where supporting documentation was inadequately detailed and lacked contemporaneous time records, hours claimed reduced by 30 percent).  Should the Court find such an approach preferable here, the Defendants submit an across-the-board reduction of 50 per cent would be appropriate.

**V.     Payment of Any Fee Awards is Subject to Statutory Fee Cap Limitations.**

There has been a statutorily imposed fee cap on attorneys' fees payments in the District of Columbia's Appropriations Acts since FY-1998.  The current fee cap provision states as follows:

> **Sec. 122.**
> (a)None of the funds contained in this Act may be made available to pay—
> (1) the fees of an attorney who represents a party in an action or an attorney who defends an action, including an administrative proceeding, brought against the District of Columbia Public Schools under the Individuals with Disabilities Education Act (20 U.S.C. 1400 et seq.) in excess of $ 4,000 for that action; . . . .

District of Columbia Appropriations Act of 2006, 109 Pub. L. 115; 119 Stat. 2396

(2005). The constitutionality of the fee cap was upheld in Calloway v. District of

Columbia, 216 F.3d 1 (D.C. Cir. 2000). See also Kaseman v. District of Columbia, 444

F.3d 637 (D.C. Cir. 2006)(administrative hearing and suit for attorneys fees are one

action for purposes of IDEA).

To that extent, payment by the District of any fee awards herein will be subject to

the Congressional fee cap, and the Defendants request that any order by the Court

awarding fees herein reflect that statutory payment limitation.

## CONCLUSION

For the reasons set forth above, the Defendants submit that summary judgment in

their favor is appropriate. First, any complaint claims based on 42 U.S.C. §1983 and

Section 504 of the Rehabilitation Act should be dismissed; the complaint is devoid of any

recitations sufficient to maintain such claims.

Second, eight of the claims for fees should be summarily denied, since the

individual plaintiffs in those instances were not, in fact, prevailing parties – IDEA

prerequisite for any fee award.  Third, because Plaintiffs' counsel were engaged in the

unauthorized practice of law during the periods when the services for which an award is

being requested were being provided, there is no entitlement to attorneys' fees for such

improper conduct.

Finally, even if all of the deficiencies in this action described above were ignored,

the Plaintiffs are not entitled to the amounts requested.  In various respects, invoiced

amounts are for services IDEA prohibits being reimbursed, while in a variety of respects,

much of the charges claimed have not been established to be reasonable – either as to hourly rates, or to the activities themselves.  In this regard, to avoid unnecessary later litigation, the Court should include in any order awarding any fees an acknowledgment that payment of such awards, on a claim-by-claim basis, is subject to the statutory fee cap.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

**/s/ Edward P. Taptich**
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

**/s/ Carol E. Burroughs**
CAROL E. BURROUGHS [#415432]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6520
carol.burroughs@dc.gov

June 30, 2006