UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIDGET AGAPITO, o/b/o/ H.A., a minor, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, et al., <br><br> Defendants. | Civ. Action No. 05-1935 (RMC) |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE DISPUTE**

1. The Due Process proceedings in this matter occurred between March 8, 2005 through July 18, 2005. (Plaintiffs' Statement of Material Facts, (hereinafter, "PSMF" ¶¶ 30-86)

2. On October 31, 2002, an Informal Admonition was issued by D.C. Bar Counsel to James E. Brown, Esquire which found, in part, "[B]ecause you (1) are a partner and supervising attorney, (2) were aware of Mr. [Domiento] Hill's Bar status, and (3) allowed Mr. Hill to practice in a jurisdiction where he is not licensed to practice, we find that you violated D.C. Ct. App. R. Rules 5.1(1) (a) and (b), 8.4(a) and 5.5(b)." (Defendants' Motion for Summary Judgment, (hereinafter, "DMSJ" Ex. 1)

3. On December 13, 2002, James E. Brown & Associates (hereinafter "Brown Firm") provided DCPS with Attorney Information forms, which stated that Domiento Hill, Brenda McAllister, and Christopher West, attorneys at James E. Brown and

1

Associates, were not barred in D.C. (Plaintiffs' Motion for Summary Judgment from, (hereinafter, "PMSJ" Ex. 1)

4. On May 14, 2003, Mary Froning, a member of the Committee on the Unauthorized Practice of Law (hereinafter "CUPL"), in a letter advised Domiento Hill to familiarize himself with bar disclosure requirements in Rule 49(c)(5) "because it applies to [his] situation." (PMSJ Ex. 4)

5. On November 29, 2004, DCPS issued to all members of the special education bar a "Request for Comment on Administrative Guidelines for Attorney Fees in IDEA Matters." This document stated that the proposed DCPS guidelines for attorney fees would be in effect on January 5, 2005, and requested that all attorneys submit comments and suggestions prior to December 20, 2004. The guidelines also included the proper documents to be submitted to DCPS from attorneys for payment of attorney fees. (PMSJ Ex. 3)

6. On January 27, 2005, OGC attorney Quinne Harris-Lindsey wrote a memorandum of law to Veleter Mazyck, OGC Special Education Attorneys, and Hearing Officers of the Student Hearing Office, stating that attorneys that are not members of the D.C. Bar may not represent clients at special education due process hearings. (PMSJ Ex. 7)

7. On February 1, 2005, Domiento Hill wrote the CUPL to request a second opinion for his case against a complaint filed against him for practicing before a DCPS tribunal without being barred in D.C. (PMSJ Ex. 8)

8. On March 8, 2005, DCPS objected to the appearance of Christopher West, stating that counsel was not barred in D.C. (PSMF ¶ 34)

9. On March 22, 2005, DCPS objected to the appearance of Christopher West, stating that counsel was not barred in D.C. The Hearing officer allowed counsel to continue. (PSMF ¶ 78)

10. On April 21, 2005, DCPS objected to the appearance of Christopher West, stating that counsel was not barred in D.C. The hearing officer overruled this objection. (PSMF ¶ 45)

11. On May 4, 2005, DCPS objected to the appearance of Marshall Lammers, stating that counsel was not barred in D.C. The hearing officer's decision is unclear. (PSMF ¶ 73)

12. On May 6, 2005, DCPS objected to the appearance of Marshall Lammers, stating that counsel was not barred in D.C., but allowed him to submit the documents in support of his argument that he met D.C. Ct. App. R. 49 (c)(8). (PSMF ¶ 74)

13. On April 13, 2005, DCPS objected to the appearance of Brenda McAllister, stating that counsel was not barred in D.C. The hearing officer's decision is unclear. (PSMF ¶ 77)

14. On April 13, 2005, DCPS objected to the appearance of Domiento Hill, stating that counsel was not barred in D.C. The hearing officer allowed counsel to continue. (PSMF ¶ 82)

15. In April, 2005, Veleter Mazyck, DCPS General Counsel, in a letter to CUPL, requested a ruling whether attorneys not licensed in the District of Columbia are allowed to practice law before DCPS in administrative hearings. Attached to the letter was the DCPS internal Memorandum of Law explained in paragraph 6 above. (PMSJ, Ex. 8)

16. On April 28, 2005, Julie Rottenberg, member of the CUPL, in a letter to Veleter Mazyck, General Counsel for DCPS, advised that "we do not believe that non-attorney advisors may represent parties before DCPS." (PMSJ Ex. 11)

17. In a July 29, 05, letter to the CUPL, Mr. Hill states that he is aware of the April 28, 2005 letter from the CUPL, that attorneys not barred in D.C. may not appear before DCPS tribunals. (PMSJ Ex. 13)

18. Domiento Hill was not barred in the District of Columbia until February 3, 2006. (DMSJ Ex. 2)

19. Marshall Lammers was not barred in the District of Columbia until November 14, 2005. (DMSJ, Ex. 2)

20. "Brenda McAllister" is not barred in the District of Columbia. (DMSJ, Ex. 2)

21. Christopher West was not barred in the District of Columbia until May 6, 2005. (DMSJ Ex. 2)

22. Invoices submitted by the Plaintiffs for fees for the administrative hearings in this dispute are from April 29, 2005 through June 27, 2005 .(PMSJ, Complaint, Ex. 1-54)

23. On April 1, 2005, an HOD issued as to T.S. states, "Therefore, the Hearing Officer concludes there was not denial of FAPE." "DCPS is the prevailing party in this matter."(Complaint Ex. 39)

24. On April 26, 2005, an HOD issued as to W.S. states, "there was not denial of FAPE." (Complaint Ex. 40)

25. On April 13, 2005, an HOD issued as to L.H. states, "the case will be continued to a mutually agreeable date and time." (Complaint Exhibit 22)

26.     On May 10, 2005, an HOD issued as to T.J. states, "[T]he hearing officer called the hearing to order as scheduled when the parties announced they had settled." (Complaint Ex. 27)

27.     On April 18, 2005, an HOD issued as to S.M. states, "[T]he hearing officer called the hearing to order as scheduled when the parties announced they had settled." (Complaint Ex. 30)

28.     On April 21, 2005, an HOD issued as to D.W. states with respect to Petitioner and the Respondent, "No witnesses were present or called to testify because the parties settled…." It also states, "this Hearing Officer does find that substantial issues presented by the Hearing Request have been timely resolved." (Complaint Ex. 45)

29.     On March 31, 2005, an HOD issued as to K.W. states, "[T]he hearing officer called the hearing to order as scheduled when the parties announced they had settled." (Complaint Ex. 47)

30.     On April 26, 2005, an HOD issued as to D.W. states, "[T]he hearing officer called the hearing to order as scheduled when the parties announced they had settled." (Complaint Ex. 49)

31.     Invoices submitted by the Plaintiffs for fees for the administrative hearings include charges for services covering 54 hearings. (PMSJ, Complaint Ex. 1-54)

32.     On August 4 2005, in a letter to James Brown & Associates, from DCPS, Erika Pierson stated that 88 invoices were being denied payment due to the unauthorized practice of law by the attorneys involved. (PMSJ Ex. 16)

33.     James E. Brown has a history of Bar violations, including disbarment on April 25, 1981.  (DMSJ Ex. 3)

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
EDWARD P. TAPTICH [012914]
Chief, Equity Section II

_____/s/ _____
CAROL E. BURROUGHS [415432]
Assistant Attorney General
441 4th St., N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6651
Fax (202) 727-0431
June 30, 2006            carol.burroughs@dc.gov