**THE FOLLOWING INFORMAL ADMONITION WAS ISSUED BY BAR COUNSEL ON October 31, 2002**

James E. Brown, Esquire
1220 L Street, N.W.
Suite 700
Washington, D.C. 20005

Re: **Brown/Veloz; Bar Docket No. 218-02**

Dear Mr. Brown:

This office has completed its investigation of the above-referenced matter. We find that your conduct reflected a disregard of certain ethical standards under the District of Columbia Rules of Professional Conduct (the "Rules"). We are, therefore, issuing you this Informal Admonition pursuant to Rule XI, Sections 3, 6, and 8 of the District of Columbia Court of Appeals' Rules Governing the Bar.

We docketed this matter for investigation on July 8, 2002, based on a complaint filed by Ms. Lesia Veloz. Ms. Veloz states in her complaint, in subsequent letters and in office visits that in 2000 she retained your law firm to assist her son with a special education placement. She states that within one month of the initial contact with your firm, she requested that the case be closed because she was satisfied with his public school placement. In September 2001, Ms. Veloz states that she returned to your firm to request assistance concerning transportation issues. She states that she did not request legal assistance on any other special education issues. She acknowledges signing a retainer agreement, releases and other documents that your firm provided to her. She states that an associate in your firm, Domiento Hill, Esquire, was assigned to her case. Ms. Veloz states that during approximately the next six months of representation, she had difficulty communicating with Mr. Hill, that public school personnel had the same communication problem with Mr. Hill and that Mr. Hill signed a settlement agreement with the District of Columbia Public Schools without her knowledge or authorization. Ms. Veloz further states that she was not aware that Mr. Hill was not a member of the District of Columbia Bar.

On July 24, September 4 and October 2, 2002, you responded. You state that Mr. Hill is a supervising attorney in your office. You enclose a letter from Mr. Hill to the Attorney Grievance Commission of Maryland stating that Ms. Veloz was kept informed of all issues concerning her case and that she authorized by telephone the signing of the settlement agreement involving her son. Mr. Hill further states that he agreed to represent Ms. Veloz's interests in special education for her son, but that he did not agree to



represent her interests in bringing civil or criminal charges against her son's bus driver. Mr. Hill describes communication problems with Ms. Veloz but states that he was able to reach her by telephone on the day that he received a settlement agreement from the school system and that she agreed to his signing it. Mr. Hill further states that a copy of the agreement was thereafter sent to Ms. Veloz.

In your July 24, 2002, letter to this office you state, "As Mr. Hill's supervisor, I am directly responsible for all of the work he does, including his legal work." In your September 4, 2002, letter to this office you state, "I do not work directly with any cases in this office."

We find Ms. Veloz to be a credible witness. She points out many discrepancies and inconsistencies in Mr. Hill's response and notes that the settlement agreement inexplicably was not sent to her home address but to that of her mother. You deny knowledge of Mr. Hill's specific conduct in this case stating that you only become involved in cases upon an attorney's request. However, Mr. Hill is not licensed in the District of Columbia, and you were aware of this fact. Because you did not represent Ms. Veloz's interests, we do not find a violation of Rule 5.1(c). However, because you: (1) are a partner and supervising attorney, (2) were aware of Mr. Hill's Bar status, and (3) allowed Mr. Hill to practice in a jurisdiction where he is not licensed to practice, we find that you violated Rules 5.1(a) and (b), 8.4(a) and 5.5(b).

Rule 5.1(a) states:

> A partner in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers in the firm conform to the rules of professional conduct.

Rule 5.1(b) states:

> A lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the rules of professional conduct.

Rule 8.4(a) states:

> It is professional misconduct for a lawyer to violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the acts of another.

Rule 5.3(c) states in part:

> With respect to a nonlawyer employed . . . by . . . a lawyer:
>
> (c) A lawyer shall be responsible for conduct of such a person that would be a violation of the rules of professional conduct if engaged in by a lawyer if . . . .

Rule 5.5(b) states:

> A lawyer shall not assist a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law.

Mr. Hill, who was under supervision, held himself out to Ms. Veloz as an attorney authorized to practice in the District of Columbia, and he practiced law in the District of Columbia without authority in her case by signing the settlement agreement on her behalf and providing legal advice to her.

Furthermore, the letterhead on your stationery, which lists a District of Columbia address, states that Mr. Hill is a member of the Maryland Bar. However, it does not indicate that he is <u>only</u> a member of that Bar or that he is <u>not</u> a member of the District of Columbia Bar. In view of the fact that none of the names listed on the letterhead have indications that they are members of the D.C. Bar, a reasonable person incorrectly would assume that Mr. Hill was a D.C. Bar member as well as a member of the Maryland Bar. We find that your letterhead is misleading and violates Rule 7.1 and 7.5.[1]

This letter constitutes an Informal Admonition pursuant to Rule XI, §§ 3, 6, and 8 of the Rules of the District of Columbia Court of Appeals Governing the Bar. Please refer to the attachment to this letter of Informal Admonition for a statement of its effect and your

---

[1] Rule 7.5(a) provides in part: "A lawyer shall not use . . . letterhead . . . that violates Rule 7.1." Rule 7.1(a) provides in part: "A lawyer shall not make a . . . misleading communication about the lawyer or the lawyer's services." Rule 7.1(a)(1) points out that a communication is false or misleading if it "contains a material misrepresentation of fact or law, or <u>omits</u> a fact necessary to make the statement considered as a whole not materially misleading . . . ." (Emphasis added.)

right to have it vacated and have a formal hearing before a Hearing Committee. Such a hearing could result in a recommendation to dismiss the charges against you or a recommendation for a finding of culpability, in which case the sanction recommended by the Hearing Committee is not limited to an Informal Admonition.

This Informal Admonition will become public 14 days from the above date, if you do not request a hearing. If you wish to have a formal hearing, you must submit a request in writing to the Office of Bar Counsel, 515 Fifth Street, NW, Building A, Room 127, Washington, DC 20001, with a copy to the Board on Professional Responsibility, within 14 days of the date of this letter, unless Bar Counsel grants an extension.

Sincerely,

Joyce E. Peters
Bar Counsel

Encl.: Attachment to Letter of
Informal Admonition

Sent Regular and Certified Mail No. 7106 4575 1294 2227 1658

cc: Ms. Lesia Veloz
JEP:EAH:tsm