UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRIDGET AGAPITO, for** : | |
| **H.A., a minor, et al.,** : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civ. Action No. 05-1935 (RMC) |
| : | |
| **DISTRICT OF COLUMBIA, et al.,** : | |
| : | |
| Defendants. : | |

## OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

The Defendants, by counsel, oppose herewith the Plaintiffs Motion for Summary Judgment, filed herein June 8, 2006 ("Motion"). A statement of material facts in dispute is appended hereto.

## PRELIMINARY STATEMENT

The memorandum accompanying the Motion is conspicuous for its hyperbole and invective. DCPS is bashed for, among other things, a "truly dismal record of reimbursing attorneys fees" (p. 4) and its "tactic [of ] . . . ventilat[ing] the all too often concealed animus directed to the law firm of James E. Brown & Associates" (p. 13). And DCPS' actions here are described at one point as "disingenuous and calculated, if not vindictive and retaliatory, designed to negatively impact the ability and availability of able competent counsel to parents with children with special education needs" (p. 14).

No one, it seems, has got it right except Plaintiffs' counsel, who do nothing but IDEA litigation in the District but couldn't take the time, or make the effort, to join the D.C. Bar during the past five years.

The Defendants will not respond to the unrestrained vitriol in the Motion. What should be made clear at the outset, however, is what this action is *not* about. It is *not* about DCPS' practices of attorneys' fees procedures or payments; this case relates to the 54 specific invoices declined by DCPS.

It is *not* even about DCPS' general pattern of payment of invoices from the Brown law firm; DCPS regularly settles/pays that firm's invoices. Indeed, on August 4, 2005, for example – within days of it declining the invoices at issue here – DCPS agreed with that firm on a payment of more than $1.3 million for 352 other administrative proceedings.

Rather, this case is about whether DCPS was correct in declining to pay invoices for legal services performed by four members of the Brown law firm who were not, at the time, members of the D.C. Bar.

Sorting through all of the Motion's pleading rhetoric, the Plaintiffs do not contend that the four attorneys at issue – Domiento Hill, Marshall Lammers, Brenda McAllister and Christopher West (hereinafter "Brown Attorneys") – were members of the D.C. Bar during the period the services for which reimbursement is demanded were performed; their Motion (p.3) candidly acknowledges that they were not. Nor do the Plaintiffs contend that the Brown Attorneys today (and probably subsequent to April 28, 2005) could properly appear before DCPS hearing officers without being members of the D.C. Bar.

Instead, reduced to its essentials, the Plaintiffs' argument seems to be some sort of reliance notion – that, because it was unclear that they could *not* properly appear at IDEA hearings without joining the D.C. Bar prior to April/May, 2005 (since, perhaps, the Brown Attorneys were lead to believe that they were not prevented from doing so), they could.

2

And DCPS could not thereafter decline to pay their earlier invoices. The Defendants believe the Plaintiffs' position is without merit.

## ARGUMENT

Simultaneous herewith, the Defendants are filing their cross-motion for summary judgment herein. For the most part, the content of that motion addresses the issues raised in the Plaintiffs' Motion. To that extent, and to avoid unnecessary duplication, the arguments in the Defendants' cross-motion will not be repeated here, but are incorporated herein by reference. There are, however, certain specific matters raised in the Motion that are addressed below.

In large part, the Plaintiffs rely on certain correspondence by and with the D.C. Court of Appeals Committee on Unauthorized Practice of Law ("CUPL") to justify their failure to joint the D.C. Bar. First is a letter dated May 14, 2003, written to Domiento Hill, in which the CUPL thanks Mr. Hill for an earlier response to a complaint filed against him. (Here, the record is incomplete; the Plaintiffs do not provide a copy of the complaint or Mr. Hill's response to the CUPL.) The May 14, 2003, letter states "with regard to future representation of clients before any DC agencies, you might wish to familiarize yourself with recent changes in D.C. Court of Appeals Rule 49 (c)(5)."

The Plaintiffs' Motion (pp. 3-4) characterizes that letter as "advis[ing] Mr. Hill that his practice before DCPS Office of Student Hearings would be governed by the provisions of 49 (c) (5) *without engaging in the unauthorized practice of law*." (Emphasis added.) The wording "without engaging in the unauthorized practice of law," however, is the Plaintiffs' – it is not in the letter. (PMSJ Exhibit 4) And there is nothing on the face of the CUPL letter

3

that purports to sanction the unauthorized practice on which DCPS based its declining to pay the invoices submitted.

Also relied on is an October 27, 2003 letter from the CUPL, not to the Brown law firm or any of its attorneys, but to a Ms. Michelle Tuwiner in Bowie, MD. (PMSJ Exhibit 6) There is no information who Ms. Tuwiner is, what the nature of her practice might have been, or anything else that would suggest that what was written to her is relevant to the Brown Attorneys. Moreover, that letter states Ms. Rottenberg's "understanding" that, among other things, Ms. Tuwiner was "practice[ing] before the District of Columbia Public School System pursuant to its rules and regulations." It is undisputed, of course, that DCPS does not have "rules and regulations" allowing non-DC barred attorneys to practice in IDEA proceedings, and it is thus unclear what assumptions underlay that letter, much less that it represented a carte blanche approval of the Brown Attorneys' continuing to practice without joining the D.C. Bar.

Relied on as well is DCPS not earlier having challenged the Brown Attorneys' appearance in IDEA hearings. E.g., Motion, 4, 13, 14, 15 pp. Yet that contention is flatly inconsistent with the Plaintiffs' loud insistence elsewhere that neither DCPS nor its attorneys "has any authority whatsoever to define what conduct constitutes the unauthorized practice of law." Motion, p. 19; see also id. At pp. 21, 22. It is hardly compelling that supposed silence by an institution or its personnel that have no authority over such practice matters is a basis for believing improper practice activities are acceptable.

Finally cited is an email to Mr. Hill from CUPL dated August 3, 2005, which says that, because DCPS "belatedly clarified their position only recently, the Committee will hold harmless anyone who in good faith practiced under the murky rules that existed prior to

4

April 28, 2005." (PMSJ Ex. 14)  Here, too, it is unknown on what that email was based, or why CUPL believed DCPS' views were "murky" or "belated," or what the practical significance of the email was.  While it might be speculated that "holding harmless" the Brown Attorneys might suggest that CUPL would be sympathetic in the face of malpractice complaints from former clients, there is certainly nothing to suggest that CULP was declaring that DCPS was required to pay, from the public fisc, for Brown Attorney services during a period CUPL had itself determined the Brown Attorneys must belong to the D.C. Bar to appear at IDEA proceedings.[1]

## **CONCLUSION**

For the reasons set forth above, and in the contemporaneously filed Defendants' cross-motion for summary judgment, it is submitted that the Plaintiffs' motion for summary judgment must be denied.

                                         Respectfully submitted,

                                         ROBERT J. SPAGNOLETTI
                                         Attorney General for the District
                                           of Columbia

                                         GEORGE C. VALENTINE
                                         Deputy Attorney General
                                         Civil Litigation Division

---

[1] The August 3, 2005 email also refers to a Mr. Hill's "*proposal* to practice under the (c)(8) exception to Rule 49" – a curious reference scrupulously ignored in the Motion, perhaps because the Plaintiffs contend that prior to May, 2005, the Brown Attorneys already believed they already "were practicing under . . . 49(c)(8)" (Motion, p. 3).

        To the extent the Plaintiffs cite <u>Johnson v. District of Columbia</u>, 190 F. Supp. 2d 34, 43 (D.D.C. 2002), for the proposition that the courts will not tolerate vindictive and retaliatory efforts to deny representation to parents of children in need of special education services, that reliance is unavailing here. <u>Johnson</u> made no finding that DCPS conduct was inappropriate, it merely held that there were sufficient facts asserted to defeat a motion to dismiss.  Here, of course, other than its pleading broadsides, the Plaintiffs have offered no facts to indicate any vindictiveness by DCPS, substituting their own self-consciousness and defensiveness for unauthorized practice for facts.
        .

5

                    /s/ Edward P. Taptich
                    EDWARD P. TAPTICH [012914]
                    Chief, Equity Section II

                    /s/ Carol E. Burroughs
                    CAROL E. BURROUGHS [415432]
                    Assistant Attorney General
                    441 4th St., N.W., Sixth Floor South
                    Washington, D.C. 20001
                    (202) 724-6651
June 30, 2006            carol.burroughs@dc.gov