UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| BRIDGET AGAPITO, o/b/o/ | : | |
| H.A., a minor, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civ. Action No. 05-1935 (RMC) |
| | : | |
| DISTRICT OF COLUMBIA, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

_____

## DEFENDANTS' STATEMENT OF MATERIAL FACTS IN DISPUTE

1.   That Mr. Hill's practice conformed to the requirements of Rule

49(c)(5)and its subsequent amendment at all times pertinent hereto.

**PSMF ¶8**. DMSJ  Ex.   . [Bar letter]

2.   That March 8, 2005 marked the first time that the Defendant objected to

the appearance of one of the Plaintiffs' Counsel representing parents in

IDEA matters before the DCPS Office of Student Hearings.  **PSMF ¶13**.

3.   That Domiento Hill, Brenda McAllister, Marshall Lammers and

Christopher West at all times relevant hereto, practiced in good faith.

**PSMF ¶23. See DSJM  Exhibit _bar letter_].**

4.   That the parents/guardians of T.S. were prevailing parties as defined by

IDEA. PSMF ¶71      .

5.   That the parents/guardians of W.S. were prevailing parties as defined by

IDEA. PSMF ¶72

6.     That the parents/guardians of L.H. were prevailing parties as defined by
       IDEA. PSMF ¶54.

7.     That the parents/guardians of T.J. were prevailing parties as defined by
       IDEA. PSMF ¶59

8.     That the parents/guardians of S.M. were prevailing parties as defined by
       IDEA. PSMF ¶62

9.     That the parents/guardians of D.W. were prevailing parties as defined by
       IDEA. PSMF ¶77

10.    That the parents/guardians of K.W. were prevailing parties as defined by
       IDEA. PSMF ¶79

11.    That the parents/guardians of D.W. were prevailing parties as defined by
       IDEA. PSMF ¶81

12.    That during the relevant period in this case that Domiento Hill was
       properly practicing under 49(c)(5) or (8). DMSJ Ex.     ]

13.    That during the relevant period in this case that Brenda McAllister was
       properly practicing under 49(c)(5) or (8).

14.    That the supervision of Marshall Lammers conformed to the requirements
       of 49©(8). PMSJ Ex. 9

15.    That the supervision of Christopher West conformed to the requirements
       of 49©(8).

**16.**   That prior to the April 28, 2005 interpretation, the CUPL's October 27,
       2003 interpretation of Rule 49(c)(5) governed the appearance and the

practice of attorneys that were not admitted to the bar of the District of

Columbia in administrative due process hearings. PMSJ Ex. 11.

**Respectfully submitted,**


ROBERT J. SPAGNOLETTI
Attorney General for the District
 of Columbia

GEORGE C. VALENTINE
 Deputy Attorney General
 Civil Litigation Division


_____/s/_____
EDWARD P. TAPTICH [012914]
Chief, Equity Section II


_____/s/ _____
CAROL E. BURROUGHS [415432]
 Assistant Attorney General
 441 4th St., N.W., Sixth Floor South
 Washington, D.C. 20001
 (202) 724-6651
 Fax (202) 727-0431
 carol.burroughs@dc.gov

June 30, 2006