UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRIDGET AGAPITO,** *o/bo/* **H.A., a minor, <u>et al</u>.** : : : | |
| Plaintiffs, : | Civil Action No. 05-1935(RMC) |
| : v. : : | |
| **DISTRICT OF COLUMBIA** : : | |
| Defendant. : : | |

**PLAINTIFFS' RESPONSE TO THE STATEMENT OF MATERIAL
FACTS IDENTIFIED BY THE DEFENDANT AS TO WHICH
THERE IS A GENUINE DISPUTE**

Following are Plaintiffs' responses to the Defendant's Statement of Material Facts as to Which There is No Genuine Dispute filed on June 30, 2006. Letters and numbers listed below correspond to those enumerated in the Defendant's Statement:

| Defendant's Fact No. | Plaintiffs' response |
|---|---|
| 1 | Not in dispute. |
| 2 | Disputed. This is not a material fact, is irrelevant, and has not probative value whatsoever to any issue in the pending litigation. |
| 3 | Not in dispute. |
| 4 | Disputed. That letter said more than the characterization the Defendant assigned to it. The letter also indicated that the "CUPL" had concluded the matter. |
| 5 | Not in dispute. |

| | |
|---|---|
| 6 | Disputed. That memorandum was sent to "OGC Special Education Attorneys and Hearing Officers of the Student Hearing Office, not to Ms. Mazyck. |
| 7(sic) | No response is required. |
| 7 | Disputed. The Defendant mischaracterizes the content of that letter. Mr. Hill's inquiry was for the sole purpose of determining is consistent compliance with the requirements of Rule 49(c)(5). |
| 8-14 | Not in dispute. |
| 15 | Disputed. |
| 16 | Disputed. This not a material fact. |
| 17 | Disputed. That letter was a follow-up seeking advice as to whether his practice continued to conform to requirements of Rule 49 (c)(5). |
| 18-19, and 21 | Not in dispute. |
| 20 | Not in dispute. However, Ms. McAllister's application for admission has been pending for sometime, during the pertinent time period. |
| 22 | Disputed. |
| 23 | Disputed. Although the Hearing Officer concluded that there was not a denial of "FAPE", he awarded Plaintiff all or part of the relief requested, including but not limited to ordering DCPS to fund an independent psycho-educational |

|    |    |
|----|----|
|    | evaluation. |
| 24 | Disputed.  Although the Hearing Officer concluded that there was not a denial of "FAPE", He ordered some of the relief requested by the parent including ordering DCPS to fund the cost of an independent clinician retained by the parent to provide the assessments that W.S. needed. |
| 25 | Disputed.  In addition to ordering that the case be continued to a mutually agreeable date and time, the Hearing Officer ordered DCPS to fund independent speech and language evaluations, among other things. |
| 26-30 | Not in dispute.  The settlement agreements were read into and made a part of the record and incorporated into the Hearing Officer's Determinations. |
| 31-32 | Not in dispute. |
| 33 | Disputed.  This is not a material fact.  In fact, this statement is irrelevant, extremely immaterial, lacks any probative value, highly inflammatory, scurrilous and calculated and accordingly should be stricken. |

[The remainder of this page was left blank intentionally]

        Respectfully submitted,

        /s/
_____
Tilman L. Gerald[928796]
Roxanne D. Neloms[478157]
James E. Brown & Associates, PLLC
1220 l Street, N. W., Suite 700
Washington, D.C. 20005
202.742.2000
202.742.2098

***Attorneys for Plaintiffs***

Dated: August 14, 2006