IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRIDGET AGAPITO,** ) | |
| **Parent and Next Friend of** ) | |
| **H.A, a minor, et. al** ) | Case No. 05-1935 (RMC) |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **THE DISTRICT OF COLUMBIA,** ) | |
| ) | |
| **Defendants** ) | |

**MEMORANDUM TO SUPPORT PLAINTIFFS' CLAIMS FOR AN AWARD OF REASONABLE ATTORNEY FEES AND COSTS.**

COMES NOW, the Plaintiffs, by and through their attorneys, and their Memorandum to Support Plaintiffs' Claims for an Award of Reasonable Attorney's Fees and Costs respectfully represents unto this Honorable Court as follows:

**THE *LAFFEY* MATRIX SHOULD BE USED TO DETERMINE THE REASONABLENESS OF THE REMAINING NINE CASES.**

Since, "the *Laffey* Matrix is intended to be used in cases in which a 'fee-shifting' statute permits the prevailing party to recover 'reasonable attorney's fees', the Plaintiffs do not object to this Court awarding fees pursuant to their applications, notwithstanding the fact that the fees charged per hour by the attorneys, $350.00, is the rate normally charged to paying clients. ***See Exhibit 1.*** The IDEIA contains a fee-shifting statue and thus the *Laffey* matrix applies. This Court has stated that in order "to recover fees based on prevailing market rates, [an] attorney [omit] must show: (1) that customarily reduced rates are charged for noneconomic reasons; (2) information documenting attorney's skill experience and reputation; and (3) evidence of prevailing market rates in relevant

1

community for attorneys of comparable skill, experience and reputation. See 42 U.S.C.A. § 1988; see also *Covington v. District of Columbia*, 57 F.3d at 1107; see *Watkins v. Vance*, 328 F. Supp. 2d 27 (D.D.C. 2004); and *Abraham v. D.C.*, 338 F. Supp. 2d 113 (D.D.C. 2004). "The prevailing market rate can be determined by reference to the so-called Laffey matrix". See *Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n. 14, 1109 (D.C.Cir.1995); *Blackman v. District of Columbia*, 59 F.Supp.2d 37, 43 (D.D.C.1999) (citing *Laffey v. Northwest Airlines, Inc.*, 572 F.Supp. 354, (D.D.C.1983), rev'd on other grounds, 746 F.2d 4 (D.C.Cir.1984).

In support of our position, Plaintiff's counsel has attached information regarding Miguel Hull and Marshall Lammers' reputation in the community. ***See Exhibits 2 and 3***. As each attorney listed has the required qualifications, experience, and skills, this Court should award fees in connection with the *Laffey* matrix.

## CONCLUSION

Based on the foregoing, the Plaintiffs respectfully request this Court to award them reimbursement of reasonable attorneys fees and costs consistent with and subject to the statutory fee cap limitations.

Respectfully Submitted,

/s/
Tilman L. Gerald [928796]
Roxanne D. Neloms[478157]
James E. Brown & Associates, PLLC
1220 L Street, N.W., Suite 700
Washington, D.C. 20005
(202)742-2000(tele)
(202)742-2098(fax)
***Attorneys for Plaintiffs***

March 21, 2007