# EXHIBIT 1



# UNITED STATES ATTORNEY'S OFFICE
## FOR THE DISTRICT OF COLUMBIA

555 4TH STREET, NW
WASHINGTON, DC 20530
(202) 514-7566

- HOME
- U.S. ATTORNEY
- ABOUT US
- DIVISIONS
- COMMUNITY PROSECUTION
- PROGRAMS FOR YOUTH
- VICTIM WITNESS ASSISTANCE
- PARTNERSHIPS
- PRESS RELEASES
- EMPLOYMENT
- ESPAÑOL
- CONTACT US
- LINKS
- SITE MAP

## LAFFEY MATRIX 2003 - 2006

Years (Rate for June 1 - May 31, based on prior year's CPI-U)

| Experience | 03-04 | 04-05 | 05-06 |
|---|---|---|---|
| 20+ years | 380 | 390 | 405 |
| 11-19 years | 335 | 345 | 360 |
| 8-10 years | 270 | 280 | 290 |
| 4-7 years | 220 | 225 | 235 |
| 1-3 years | 180 | 185 | 195 |
| Paralegals & Law Clerks | 105 | 110 | 115 |

### Explanatory Notes

1. This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia. The matrix is intended to be used in cases in which a "fee-shifting" statute permits the prevailing party to recover "reasonable" attorney's fees. See, e.g., 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412 (b) (Equal Access to Justice Act). The matrix does not apply in cases in which the hourly rate is limited by statute. See 28 U.S.C. § 2412(d).

2. This matrix is based on the hourly rates allowed by the District Court in Laffey v. Northwest Airlines, Inc., 572 F. Supp. 354 (D.D.C. 1983), aff'd in part, rev'd in part on other grounds, 746 F.2d 4 (D.C. Cir. 1984), cert. denied, 472 U.S. 1021 (1985). It is commonly referred to by attorneys and federal judges in the District of Columbia as the "Laffey Matrix" or the "United States Attorney's Office Matrix." The column headed "Experience" refers to the years following the attorney's graduation from law school. The various "brackets" are intended to correspond to "junior associates" (1-3 years after law school graduation), "senior associates" (4-7 years), "experienced federal court litigators" (8-10 and 11-19 years), and "very experienced federal court litigators" (20 years or more). See Laffey, 572 F. Supp. at 371.

3. The hourly rates approved by the District Court in Laffey were for work done principally in 1981-82. The Matrix begins with those rates. See Laffey, 572 F. Supp. at 371 (attorney rates) & 386 n.74 (paralegal and law clerk rate). The rates for subsequent yearly periods were determined by adding the change in the cost of living for the Washington, D.C. area to the applicable rate for the prior year, and then rounding to the nearest multiple of $5 (up if within $: of the next multiple of $5). The result is subject to adjustment if appropriate to ensure that the relationship between the highest rate and the lower rates remains reasonably constant. Changes in the cost of living are measured by the Consumer Price Index for All Urban Consumers (CPI-U) for Washington-Baltimore, DC-MD-VA-WV, as announced by the Bureau of Labor Statistics for May of each year.

4. Use of an updated Laffey Matrix was implicitly endorsed by the Court of Appeals in Save Our Cumberland Mountains v. Hodel, 857 F.2d 1516, 1525 (D.C. Cir. 1988) (en banc). The Court o



Appeals subsequently stated that parties may rely on the updated *Laffey* Matrix prepared by the United States Attorney's Office as evidence of prevailing market rates for litigation counsel in the Washington, D.C. area. See *Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n. 14, 1109 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996). Lower federal courts in the District of Columbia have used this updated *Laffey* Matrix when determining whether fee awards under fee-shifting statutes are reasonable. *See, e.g., Blackman v. District of Columbia*, 59 F. Supp. 2d 37, 43 (D.D.C. 1999); *Jefferson v. Milvets System Technology, Inc.*, 986 F. Supp. 6, 11 (D.D.C. 1997); *Ralph Hoar & Associates v. Nat'l Highway Transportation Safety Admin.*, 985 F. Supp. 1, 9-10 n.3 (D.D.C. 1997); *Martini v. Fed. Nat'l Mtg Ass'n*, 977 F. Supp. 482, 485 n.2 (D.D.C. 1997); *Park v. Howard University*, 881 F. Supp. 653, 654 (D.D.C. 1995).

Home | DOJ | EOUSA | DOJ For Kids | Privacy Policy

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIDGET AGAPITO, )<br>Parent and Next Friend of )<br>H.A, a minor, et. al )<br>     Plaintiffs, )<br>)<br>v. )<br>)<br>THE DISTRICT OF COLUMBIA, )<br>)<br>     Defendants )<br>_____ ) | Case No. 050-1935 (RMC) |

## DECLARATION OF JAMES E. BROWN

I, James E. Brown, Esquire, hereby declares and states as follows:

1. That I am the principal James E. Brown & Associates, PLLC and I submit this Declaration pursuant to the court's directive to support the Plaintiffs' Request of Attorney Fees and Costs in the nine(9) remaining cases in the captioned matter.

2. That Marshall M. Lammers, Esquire, graduated from the Washington College of Law, *cum laude*, in May 2004. (See copy of Mr. Lammers' curriculum vitae attached hereto as Exhibit 1).

3. He was admitted to the bars of the states of New Jersey and Maryland in 2004.

4. That prior to coming to work as an attorney in my office, Mr. Lammers was employed at the law offices of Pamela Meredith, where has was engaged in an administrative law practice..

5. That as an attorney in my office Mr. Lammers was responsible for representing clients in administrative due process hearings under the IDEA.

6. That I am familiar with the prevailing market rates for legal services in the Washington,

1

have been charged to paying clients and is well within the range of prevailing rates in the District of Columbia market for in special education and related legal matters.

7.  That the billing rate of Mr. Lammers as per the *Laffey Matrix* is $195 per hour for work he performed on behalf the Plaintiffs, is $195 per hour for an attorney with Mr. Lammers' experience and is reasonable.

8.  That the time records, as reflected in the statement of services, represents the time that Mr. Lammers worked on this case at the administrative level.

9.  I am familiar with the statements of services for which reimbursement of attorneys fees are claimed, and believe they are accurate and reasonable for the time billed. I believe that the said attorneys exercised reasonable and prudent billing judgment for the time they billed respectively and in my judgment does not include any time for unrelated or unnecessary matters. I further believe that they endeavored to avoid any unnecessary duplication of work.

10. Throughout the representation of the Plaintiffs in this matter, my firm has attempted to represent the interest of Plaintiffs to the fullest and most efficient way possible.

In accordance with 28 U.S.C. Section 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 21th of March 2007.

_____
James E. Brown, Esquire

2

Signed and sworn before me this 21st day of March 2007.

_Sammy Brodsky_
Notary Public

My Commission Expires _May 14 2011_

# Marshall M. Lammers, Esq.

136 Roberts Lane #201 ▪ Alexandria, VA 22314 ▪ (202) 210-9343 ▪ marshall_lammers@hotmail.com

## WORK EXPERIENCE

### Legal Experience

**Law Office of Pamela Meredith,** Washington, DC, January 2004 – present
*Law Clerk, Attorney*
- Research and assess federal and state case law and statutes, federal and state administrative agency decisions, and proposed legislation materials for impact on space law issues, including litigation, federal procurement contracts, federal licensing and export controls;
- Review contracts and agreements involving launch services, procurement, legal consulting, construction, technical consulting, technology export control, and insurance;
- Prepare and review, petitions, applications and communications to federal government agencies, e.g., Department of State, Department of Homeland Security, and Federal Aviation Administration;
- Address client issues involving: International Traffic in Arms Regulations, Commercial Space Launch Act, FCC Satellite Licensing Regulation, State Insurance Codes, NASA Procurement Regulations.

**Intelsat Global Services Corporation,** Washington, DC, February 2003 – August 2003
*Intern/Law Clerk*, Office of Import/Export Control
- Reviewed internal technology export control policies and ensured compliance with International Traffic in Arms Regulations, Commerce Control List restrictions and international treaties;
- Provided team leadership and project management for several internal technology access control programs;
- Drafted and reviewed petitions, applications and communications with Department of Commerce and Department of Defense;
- Designed and implemented a digital tracking program for export controlled technical documents.
- Address client issues involving: International Traffic in Arms Regulations, Commercial Space Launch Act, Commercial Space Activities Regulations, Department of Commerce Control List Restrictions, Foreign Corrupt Practices Act.

### Technical Skills and Experience

**Springhouse Computer School,** Exton, Pennsylvania, September 2000 – August 2001
*Technical Instructor / Course Curriculum Designer*
- Prepared and provided instruction in software and network management, and computer hardware installation, maintenance and repair;
- Provide training through classroom instruction, practical lab work and specialized presentations.

**New Horizons Computer Learning Center,** Greensboro, North Carolina, July 1999 – July 2000
*Senior Technical Instructor*
- Prepared and provided instruction in software and network management, and computer hardware installation, maintenance and repair;
- Provide training through classroom instruction, practical lab work and specialized presentations;
- Managed troubleshooting and diagnosis of company and client computer assets.

**The Rural Health Group**, Jackson, North Carolina, July 1998 – June 1999
  *Medical Intern/Systems Administrator / Rural Telemedicine Manager*
- Managed, integrated, and extended computer networks spanning 8 locations, including Windows NT and Novell servers;
- Conducted videoconferences and digital communications management and planning;
- Managed a telemedicine program for educational and physician conferencing and remote medical treatment.

## EDUCATION

**Washington College of Law - The American University**, Washington, DC
  Juris Doctor, *Cum Laude*, May 2004
  Honors and Activities:
    American University Journal of Gender, Social Policy and the Law, Senior Staff;
    First Year Moot Court Competition, First Place;
    Student Bar Association, Vice President of Student Affairs;
    Civil Practice Law Clinic, Student Attorney.

**Guilford College**, Greensboro, NC
  B.S., Psychology May 1998
  Honors and Activities:
    Judicial Board and Academic Honor Board, Chair;
    Dean's List; Honors College;
    Presidential and Honors Scholarship recipient.

## LICENSES AND CERTIFICATES

**Maryland State Bar,** *Admitted December 2004*

**New Jersey State Bar,** *Admitted December 2004*

**Microsoft Corporation, 1999**
- Microsoft Certified Systems Engineer (NT 4.0, Windows 2000 and XP);
- Microsoft Certified Trainer.

**Computing Technology Industry Association, 1999**
- A+ Certified Computer Technician;
- Network+ Certified Network Technician.

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIDGET AGAPITO,<br>Parent and Next Friend of<br>H.A, a minor, et. al<br>　　　　Plaintiffs,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA,<br><br>　　　　Defendants | )<br>)<br>)　Case No. 050-1935 (RMC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### Declaration of Miguel A. Hull

I, Miguel A. Hull, do hereby swear and affirm under penalty of perjury that the following information is true and correct to the best of my knowledge, information, and belief:

1. that I am currently an attorney in good standing in the State of Maryland, State of Texas, and the District of Columbia;

2. that I was originally admitted to the Maryland Bar in December 1998;

3. that I was originally admitted to the District of Columbia Bar in January 2000;

4. that I was originally admitted to the Texas Bar in April 2006;

5. that since January 2002, I have practiced special education law, representing parents in the District of Columbia pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et. seq., and during that time I have handled approximately 1000 cases.

6. that from time to time I have taken continuing legal education courses in special education law to stay abreast of new developments and cases in that area;

7. that my hourly rate is Two Hundred and Thirty-five Dollars ($235.00) per hour;

8. that from September 1999 until January 2002, I was employed as an associate attorney at the Law Offices of Ivan Waldman & Associates in Langley Park, Maryland, where I provided legal representation to individuals before administrative agencies, and state courts in matters regarding traffic infractions, criminal law, personal injury, workers compensation, family law, and appellate work before the Maryland Court of Special Appeals; and

9. that from December 1998 until August 1999, I was employed as staff counsel with the Democratic National Committee in the District of Columbia where I worked preparing responses to numerous Department of Justice and Congressional subpoenas regarding campaign finance investigations.

_____          3/21/07
Miguel A. Hull                     Date

I, Sammy Broddly, Notary Public of the District of Columbia hereby attest that on this 21 day of March 2007, Miguel A. Hull appeared before me in person and signed this AFFIDAVIT.

Sammy Broddly                      May 14 2011
Notary Public                      My Commission Expiration Date

**Miguel A. Hull**
*1341 Alderton Lane, Silver Spring, Maryland 20906; 301 871-2142; teresahull92@MSN.Com*

**Education**

**University of North Carolina School of Law - Chapel Hill, NC** *J.D. May 1998; Law Clinic fall 1997.*

**University of Maryland - College Park, MD** *B.A. in Political Science and Economics, December 1992.*

**Experience**

- *January 2002-Present, Associate Attorney*
  James E. Brown & Associates, Washington, D.C.
  Legal representation of parents and their disabled children seeking special education services from public school agencies pursuant to the Individuals with Disabilities Education Act and Section 504 of the American's with Disabilities Act. Includes preparation and litigation of complaints and motions before administrative agency for case load of up to one hundred active cases.

- *September 1999-January 2002, Associate Attorney*
  Ivan M. Waldman & Associates, Langley Park, MD.
  Legal representation of individuals before administrative agencies, and state courts in matters regarding traffic infractions, criminal law, personal injury, workers compensation, family law, and appellate work before Maryland Court of Special Appeals. Includes preparation of complaints, discovery responses and requests, pre-trial and post-trial motions, litigation at trial, and preparation of briefs and oral argument before Maryland Court of Special Appeals and District of Columbia Court of Appeals.

- *December 1998-August 1999, Staff Counsel*
  Democratic National Committee, Washington D.C.
  Preparation of responses to numerous Department of Justice and Congressional subpoenas regarding campaign finance investigations.

- *May 1997-August 1997, Law Clerk*
  United States Attorney's Office for the Eastern District of North Carolina, Raleigh, NC
  Conducted legal research and drafted legal memoranda and responses to motions pertaining to pretrial release, exclusion of evidence, and post-conviction matters. Also appeared on behalf of the United States at hearings regarding pre-trial release.

- *June 1996-August 1996, Law Clerk*
  Immigration Services of Catholic Charities of Dallas, TX
  Prepared family immigration petitions and individual immigration petitions on behalf of clients seeking residency, asylum, and citizenship in the United States.

- *January 1994-June 1995, Social Worker*
  Annunciation House, El Paso, TX
  Lived and worked at transitional shelter assisting economic and political refugees from Latin America.

- *February 1993-November 1993, Legal Assistant*
  Stroock, Stroock & Lavan, Washington, D.C.
  Legal Assistant. Legal research and case management for matters before federal administrative agencies and courts. Focus on international trade claims, and corporate law.

**Miscellaneous**

    Languages:         Bilingual in Spanish and English
    Bar Memberships:   Maryland, District of Columbia, and Texas

*References available upon request*