UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **HASHIMA AGAPITO**, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-1935 (RMC) |
| **DISTRICT OF COLUMBIA**, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION & ORDER TO SHOW CAUSE**

In a Memorandum Opinion and Order filed on March 7, 2007, the Court gave the remaining Plaintiffs additional time to submit evidence adequate to meet their burden to establish the reasonableness of the rates billed to Plaintiffs who were represented at their due process hearings by Miguel Hull and Marshall Lammers [Dkt. ##22, 23]. On March 21, 2007, Plaintiffs filed a supplemental memorandum arguing that the *Laffey* matrix[1] should be used to determine the reasonableness of those rates. Pls.' Supp. Mem. at 1 [Dkt. #24]. The Court is inclined to agree.

The declarations attached to Plaintiffs' supplemental memorandum indicate that Mr. Hull graduated from law school in May 1998 and that, during the pertinent time period, he had between four and seven years of relevant experience. *Id.* Ex. 3 (Hull Decl. and Resume). His *Laffey* rate would thus be $225/hour for time billed between June 1, 2004, and May 31, 2005. *Id.* Ex. 1 (*Laffey* Matrix). The invoices attached to the Complaint indicate that he billed charges to D.G. only between October 26, 2004, and April 4, 2005. Compl. Ex. 21. Thus, his *Laffey* rate for present

---

[1] *Laffey v. Northwest Airlines Inc.*, 572 F. Supp. 354 (D.D.C. 1983).

purposes is $225/hour.[2]

Plaintiffs' declarations suggest that Mr. Lammers graduated from law school in May 2004 and that, during the pertinent time period, he had not quite a full year of experience. Pls.' Supp. Mem. Ex. 2 (Brown Decl. and Lammers Resume). His *Laffey* rate would thus be $185/hour for time billed between June 1, 2004, and May 31, 2005. *Id.* Ex. 1 (*Laffey* Matrix). The Court previously noted that Mr. Lammers became associated with the Brown firm during the last week of March 2005. Mem. Op. at 8 [Dkt. #23]. The invoices attached to the Complaint indicate that he completed his representation of the remaining Plaintiffs by May 31, 2005 — with the exception of R.B., whom he represented until June 6, 2005. *Compare* Compl. Exs. 2, 11, 21, 32, 36, 41, 42, 52 *with* Compl. Ex. 3. Thus, his *Laffey* rate for present purposes is $185/hour.[3]

Having reviewed Plaintiffs' invoices anew, the Court further notes that most of the remaining Plaintiffs who at their due process hearings were represented by Mr. Lammers were actually represented by a different attorney, Christina Busso, before Mr. Lammers joined the firm. For these Plaintiffs, Ms. Busso is billed out at $350/hour for dates ranging from December 2004 to March 2005. Compl. Exs. 2, 3, 32, 36, 41, 42, 52. Plaintiffs have at no time mentioned Ms. Busso's name, let alone submitted an affidavit detailing her education and experience. *See* Mem. Op. at 22-23 (detailing requirements that a plaintiff must satisfy to meet its burden to establish the

---

[2] Mr. Hull states that he believes his hourly rate to be $235, despite that the invoices attached to the Complaint bill him out at $350/hour. Hull Decl. ¶ 7; Compl. Ex. 21.

[3] The Court declines to credit Mr. Lammers with a *Laffey* "raise" to $195/hour effective June 1, 2005, in view of the few matters that he actually handled in early June 2005, his limited experience, and the sloppiness of his supervisor's declaration — which incorrectly asserts that "the billing rate of Mr. Lammers as per the *Laffey* matrix is $195 per hour for the work he performed on behalf of the Plaintiffs," without acknowledging that the bulk of Mr. Lammers's hours were billed before June 1, 2005. Pls.' Supp. Mem. Ex. 2 (Brown Decl.) ¶ 7.

reasonableness of a fee award). It was only by cross-referencing the initials on Plaintiffs' invoices with a "legend" attached thereto that the Court was able to decode this information. Thus, with respect to charges billed for Ms. Busso's work, the Court remains in same the situation as before: it has no information whatever by which to judge the reasonableness of her rates.

The Court previously gave the remaining Plaintiffs an opportunity to correct the deficiencies in their fee application. *See id.* Although the Court advised that submissions be limited to "Messrs. Hull and Lammers, and to the fee claims for the [remaining Plaintiffs]," *id.* at 23, that caution was meant to discourage relitigation of decided issues, not to relieve Plaintiffs of their burden. The burden to demonstrate the reasonableness of the rates billed falls on Plaintiffs alone — not on Defendants, and certainly not on the Court. The Court now declines to give Plaintiffs a third bite at the apple. Because Plaintiffs have submitted nothing to justify the reasonableness of the rates billed by Ms. Busso, and have thus failed to carry their burden, the Court will reduce those rates to the *Laffey* rate for Mr. Lammers: $185/hour. *See Role Models Am. Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004).[4]

Finally, the Court notes that for R.C., it was not Ms. Busso that preceded Mr. Lammers, but Domiento Hill — who, as the Court has already ruled, is not eligible to collect fees because he was not admitted to practice in the District of Columbia during the relevant time period. Mem Op. at 18. The Court will therefore decline to award fees in any amount for hours billed by Mr. Hill to R.C.

---

[4] According to the D.C. Bar's website, Ms. Busso was admitted to practice in the District of Columbia on November 12, 2004. *See* D.C. Bar, http://www.dcbar.org/find_a_member (last visited Mar. 23, 2007).

To summarize, the Court is inclined to award fees to Mr. Hull at $225/hour, to Mr. Lammers at $185/hour, and to Ms. Busso at $185/hour.  It is inclined to strike all fees charged by Mr. Hill.  Accordingly, it is hereby

**ORDERED** that, no later than **April 6, 2007**, Defendants shall **SHOW CAUSE** why the Court should not enter an order granting judgment to the remaining Plaintiffs in the amount of the "Total Remaining" fees set forth in the table on page 21 of the Court's March 7, 2007, Memorandum Opinion [Dkt. #23], less the following further reductions:

- a reduction from $350 to $225 an hour for time billed by Mr. Hull;

- a reduction from $350 to $185 an hour for time billed by Mr. Lammers;

- a reduction from $350 to $185 an hour for time billed by Ms. Busso; and

- a deduction of all time billed by Mr. Hill.[5]

It is **FURTHER ORDERED** that if Defendants fail to meet this deadline, the Court will consider the matter conceded and may enter judgment accordingly.

**SO ORDERED**.

Dated: March 23, 2007

/s/
ROSEMARY M. COLLYER
United States District Judge

---

[5]  The Court again notes that the District of Columbia Appropriations Act of 2005, Pub. L. No. 108-335, 118 Stat. 1322, 1344 (2004), limits the amount of attorneys' fees the District of Columbia may pay to $4,000 per action.  Thus, although the Court may ultimately award a greater amount of attorneys' fees, its order will require that the District pay only so much of the award as is permitted by this statutory fee cap.  *Jester*, 474 F.3d at 822.