# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH CLARK,[1] Parent and next friend of A.C., a minor, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, A municipal corporation, <br><br> Defendant. | Civil Action No. 06-0439 (HHK) |

### DECLARATION OF QUINNE LINDSEY-HARRIS

I, Quinne Lindsey-Harris, do hereby declare and state as follows:

1. My name is Quinne Lindsey-Harris. I am the Acting Supervisory Attorney Advisor in the Office of the General Counsel ("OGC") for the District of Columbia Public Schools ("DCPS"). I have held this position since July 5, 2005. Prior to that, I was a Senior Attorney Advisor and Attorney Advisor for three years.

2. My job responsibilities include, but are not limited to, oversight and assignment of cases to the attorney advisors at OGC. Specifically, I provide general supervision for all of the Attorney Advisors (12-15) in the Office of the General Counsel which includes, but is not limited to, all matters related to personnel (time and attendance), case management, legal training and special education representation for DCPS. I also train and evaluate the performance of assigned staff; provide for continuing departmental staff training in special education procedures, process and law update; and participate in the Attorney Advisor hiring process.

3. As part of my duties as Acting Supervisory Attorney Advisor, I assign and supervise Attorney Advisors representing DCPS in administrative hearings held pursuant to the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §§ 1400 *et seq.* ("IDEIA").

---

[1] Minors lack the legal capacity to bring and maintain the present case; thus, the proper plaintiff is A.C.'s parent, Deborah Clark, not A.C.

4. DCPS OGC handles hundreds of such proceedings every year. Prior to supervising these cases, I personally litigated hundreds of them on behalf of DCPS as an Attorney Advisor and Senior Attorney Advisor. As such, I am highly familiar with IDEIA administrative proceedings in the District of Columbia.

5. IDEIA administrative due process hearings are not complicated.

6. In the normal course, legal representation in an IDEIA due process hearing entails (1) the filing of a due process complaint notice (See Attachment A); (2) possible participation in a resolution session; (3) the submission of a notice to the opposing party five days in advance of the hearing which transmits a copy of all documents intended to be introduced as evidence and identifies any witnesses intended to be called for testimony, and (4) a hearing where documents are introduced and testimony is given, at the conclusion of which the matter is taken under advisement by the administrative Hearing Officer.

7. Hearings are usually only a couple of hours long.

8. Periodically, motions may be filed, but this is not a usual occurrence.

9. In the usual course, there is no pre-hearing discovery process, no difficult expert qualifying process, no briefings of intricate statutory or constitutional issues, no pre or post trial briefings, and no lengthy hearings.

10. As Acting Supervisory Attorney, I am also responsible for the final legal review of attorney fee invoices submitted to DCPS for attorney work on administrative due process hearings pursuant to the IDEIA. I assumed this responsibility when I became the Acting Supervisory Attorney Advisor.

11. DCPS has distributed "DCPS Guidelines for the Payment of Attorney Fees in IDEA Matters" to members of the Special Education Bar. See Attachment B.

12. DCPS, through me, receives about 135 such fee invoices per month. From 9/05 to the present (9/12/06), DCPS has received 1,600 invoices. For Fiscal Year 2006, DCPS has paid 1.6 million dollars in individual invoices, and 3.5 million dollars in settlements regarding fee requests.

13. Because of the broad range of rates billed by attorneys who handle IDEIA cases, I have been reviewing attorney fee rates to ensure that the attorneys with similar experiences are charging similar rates.

2

14. Over the past year, while reviewing invoices,[2] I have noted the following patterns:

   a. Attorneys possessing 10 to 20 years of experience, invoice their rate within the range of $200.00 to $295.00. For example, Ellen Dalton and William Houston bill at $295.00 per hour, Margaret Kohn bills at $270.00 per hour, and Brian Gruber bills at $220.00 per hour.

   b. Attorneys possessing 20 years or more in experience invoice their rate within the range of $300.00 to $350.00 per hour. For example, Michael Eig and Matthew Bogin bill at $350.00 per hour, and James E. Brown also bills at $350.00 per hour.

15. Therefore, DCPS has determined that any billing rate of over $350.00 per hour irrespective of the length of experience is excessive and unreasonable, and not consistent with the prevailing market rate in the D.C. community, given that the administrative hearings are not complicated.

16. In addition to considering the prevailing market rate, I have also determined that in some cases that some attorneys bill at these rates without taking into account whether or not the administrative hearing dealt with a complex issue.

17. In such cases, I reduced the billing rate and sent the attorney a letter explaining why DCPS reduced their billing rate. See Attachment C, for example letters.

18. I make this declaration upon personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct. **Executed on September 13, 2006.**

Quinne Lindsey-Harris
Acting Supervisory Attorney Advisor

---

[2] I have only considered the invoices submitted to me. I have not yet had the opportunity to review the retainer agreements that these attorneys have with their clients, nor have I verified how much they charge their clients, especially in situations where they do not prevail.

3