# Exhibit 3

APPENDIX B

RULES AND GUIDELINES FOR DETERMINING LODESTAR ATTORNEYS' FEES
IN CIVIL RIGHTS AND DISCRIMINATION CASES[1]

1. **Mandatory Rules Regarding Billing Format, Time Recordation, and Submission of Quarterly Statements**

    a. Time shall be recorded by specific task and lawyer or other professional performing the task as set forth more fully in L.R. 109.2.b.

    b. Fee applications, accompanied by time records, shall be submitted in the following format organized by litigation phase[2]:

        i. case development, background investigation and case administration (includes initial investigations, file setup, preparation of budgets, and routine communications with client, co-counsel, opposing counsel, and the Court);

        ii. pleadings;

        iii. interrogatories, document production, and other written discovery;

        iv. depositions (includes time spent preparing for depositions);

---

[1] These rules and guidelines apply to cases in which a prevailing party would be entitled to reasonable attorneys' fees under 42 U.S.C. § 1988(b) and to cases brought under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Equal Pay Act, the Americans With Disabilities Act, ERISA, the Rehabilitation Act, the Individuals With Disabilities Education Act, the Family and Medical Leave Act, The Fair Credit Reporting Act and equivalent statutes. They do not apply to Social Security cases.

[2] In general, preparation time and travel time should be reported under the category to which they relate. For example, time spent preparing for and traveling to and from a Court hearing should be recorded under the category "Court hearings." Factual investigation should also be listed under the specific category to which it relates. For example, time spent with a witness to obtain an affidavit for a summary judgment motion or opposition should be included under the category "motions practice." Similarly, a telephone conversation or a meeting with a client held for the purpose of preparing interrogatory answers should be included under the category "Interrogatories, document production and other written discovery." Of course, each of these tasks must be separately recorded in the back-up documentation in accordance with Guideline 1.a.

      v. motions practice;

      vi. attending Court hearings;

      vii. trial preparation and post-trial motions;

      viii. attending trial;

      ix. ADR; and

      x. fee petition preparation.

c. Counsel for a party intending to seek fees if the party prevails shall submit to opposing counsel quarterly statements showing the amount of time spent on the case and the total value of that time. These statements need not be in the "litigation phase" format provided in Guideline 1.b or otherwise reflect how time has been spent. The first such statement is due at the end of the first quarter in which the action is filed.

d. Upon request by the Judge (or private mediator agreed upon by the parties) presiding over a settlement conference, counsel for all parties (with the exception of public lawyers who do not ordinarily keep time records) shall turn over to that officer (or mediator) statements of time and the value of that time in the "litigation phase" format provided in Guideline 1.b.

e. If during the course of a fee award dispute a Judge orders that the billing records of counsel for the party opposing fees must be turned over to the party requesting fees, those billing records shall be submitted in the "litigation phase" format.

2. **Guidelines Regarding Compensable and Non-compensable Time**

a. Where plaintiffs with both common and conflicting interests are represented by different lawyers, there shall be a lead attorney for each task (e.g., preparing for and speaking at depositions on issues of common interest and preparing pleadings, motions, and memoranda), and other lawyers shall be compensated only to the extent that they provide input into the activity directly related to their own client's interests.

b. Only one lawyer for each separately represented party shall be compensated for attending depositions[3].

---

[3]Departure from this guideline would be appropriate upon a showing of a valid reason for sending two attorneys to the deposition, e.g. that the less senior attorney's presence is necessary

    c. Only one lawyer for each party shall be compensated for client and third party conferences.

    d. Only one lawyer for each party shall be compensated for attending hearings[4].

    e. Generally, only one lawyer is to be compensated for intra-office conferences. If during such a conference one lawyer is seeking the advice of another lawyer, the time may be charged at the rate of the more senior lawyer. Compensation may be paid for the attendance of more than one lawyer at periodic conferences of defined duration held for the purpose of work organization and delegation of tasks in cases where such conferences are reasonably necessary for the proper management of the litigation.

    f. Travel

        i. Whenever possible time spent in traveling should be devoted to doing substantive work for a client and should be billed (at the usual rate) to that client. If the travel time is devoted to work for a client other than the matter for which fees are sought, then the travel time should not be included in any fee request. If the travel time is devoted to substantive work for the client whose representation is the subject of the fee request, then the time should be billed for the substantive work, not travel time.

        ii. Up to 2 hours of travel time (each way and each day) to and from a Court appearance, deposition, witness interview, or similar proceeding that cannot be devoted to substantive work may be charged at the lawyer's hourly rate.

---

because he organized numerous documents important to the deposition but the deposition is of a critical witness whom the more senior attorney should properly depose. Departure from the guideline also would be appropriate upon a showing that more than one retained attorney representing the defendant attended the deposition and charged the time for her attendance. (If two lawyers from a public law office representing a defendant attend a deposition, the Court should consider this fact and the role played by the second lawyer, *i.e.*, whether she provided assistance, including representation of a separate public agency or individual defendant, or was present for merely educational purposes, in determining whether plaintiff should also be compensated for having a second lawyer attend.)

    [4]The same considerations discussed in footnote 3 concerning attendance by more than one lawyer at a deposition also apply to attendance by more than one lawyer at a hearing. There is no guideline as to whether more than one lawyer for each party is to be compensated for attending trial. This must depend upon the complexity of the case and the role that each lawyer is playing. For example, if a junior lawyer is present at trial primarily for the purpose of organizing documents but takes a minor witness for educational purposes, consideration should be given to billing her time at a paralegal's rate.

      iii. Time spent in long-distance travel above the 2 hours limit each way, that cannot be devoted to substantive work, may be charged at one-half of the lawyer's hourly rate.

3. **Guidelines Regarding Hourly Rates**[5]

    a. Lawyers admitted to the bar for less than five years: $135-170.

    b. Lawyers admitted to the bar for five to eight years: $150-225.

    c. Lawyers admitted to the bar for more than eight years: $200-275.

    d. Paralegals and law clerks: $90.

4. **Reimbursable Expenses**

    a. Generally, reasonable out-of-pocket expenses (including long-distance telephone calls, express and overnight delivery services, computerized on-line research and faxes) are compensable at actual cost.

    b. Mileage is compensable at the rate of reimbursement for official government travel in effect at the time the expense was incurred.

    c. Copy work is compensable at the rate established by the Court for taxation of costs.

---

[5]These rates are intended solely to provide practical guidance to lawyers and judges when requesting, challenging and awarding fees. The factors established by case law obviously govern over them. However, the guidelines may serve to make the fee petition less onerous by narrowing the debate over the range of a reasonable hourly rate in many cases. The guidelines were derived by informally surveying members of the bar concerning hourly rates paid on the defense side in employment discrimination and civil rights cases and adding an upward adjustment to account for the risk of nonpayment faced by a plaintiff's lawyer in the event that her client does not prevail. The guideline rates also are generally comparable to those applied by the Court in several recent cases involving the award of fees to plaintiffs' counsel after considering affidavits submitted in support of such rates. They do not apply to cases governed by the Prison Litigation Reform Act, which sets an hourly rate by statute.